## WALKER *v.* EDMUNDSON.

Where a landlord sues out a warrant to eject a tenant on the ground that he is holding over and beyond his term, and the tenant, in his counter-affidavit, denies these allegations and alleges that he had made a contract

with the plaintiff, whereby he rented the premises for the term of two years at a specified monthly rental, purchased a stock of goods from the plaintiff (the goods being in one of the houses on the premises), and, in the same contract, the plaintiff agreed and stipulated that the defendant might, at any time within two years from the date of the contract, purchase the premises with a specified number of acres of land at a specified price per acre for the land and the cost of the material of which the houses were built: *Held*, that the defense was not demurrable on the ground that it did not allege whether the contract was oral or in writing, nor on the ground that it failed to allege any sufficient consideration for the contract, and showed that the same was unilateral, nor on the ground that it set up a contract too indefinite to be enforced.

Argued June 21, — Decided July 14, 1900.

Warrant of eviction. Before Judge Evans. Johnson superior court. September term, 1899.

A. F. Daley, for plaintiff. V. B. Robinson, for defendant.

SIMMONS, C. J. A warrant was sworn out by Walker for the purpose of dispossessing Edmundson of certain premises, on the ground that Edmundson was a tenant who had failed to pay his rent and who was holding over and beyond his term. Edmundson filed a counter-affidavit, denying that he had failed to pay his rent, and alleging that he had made a contract with Walker whereby he had rented the premises for two years, at five dollars per month, and in the same contract purchased from Walker a certain stock of goods in one of the houses on the premises; that in the same contract Walker agreed that Edmundson might purchase the premises, with twenty-five acres of land adjoining, at five dollars per acre for the land, together with the value of the material of which the houses were built. He alleged that this contract of rental expired on April 29, 1899, and that on April 22, 1899, he had informed Walker of his acceptance of the option to purchase, and had tendered him the full amount of the purchase-money agreed upon; that he had caused a survey of the land to be made, and, instead of containing twenty-five acres as stated in the contract, the tract contained less than twenty acres; that Walker had refused to receive the money tendered, and had threatened Edmundson with violence if he renewed the tender. The tender was renewed in the counter-affidavit, which also alleged that Walker, to defraud the defendant and place a

cloud upon the title to the land, had made a deed to his minor daughter. There were prayers that this minor daughter be made a party and the deed to her canceled, and that specific performance of the contract be decreed, the defendant paying the amount agreed upon and Walker conveying him the premises. To this counter-affidavit Walker demurred on the ground that it "did not set forth any valid and legal defense, and did not deny the expiration of the term of rent, but undertook to set up the right to exercise an option to buy under a contract without consideration, and which was unilateral in its terms, and too indefinite in its terms to be susceptible of enforcement by judgment of the court for specific performance." The court overruled this demurrer, and the plaintiff excepted.

There was no error in refusing to sustain any of the grounds of the plaintiff's demurrer. If the allegations of the defendant's counter-affidavit are true, he has a good defense to the warrant seeking to eject him. He denies the indebtedness for rent and denies that he is holding over as a tenant, and, to sustain these allegations, sets up facts which constitute a good defense. If the defendant made a contract with the plaintiff to rent the place for two years, with an option given him to purchase within that time, and he gave notice in time to the plaintiff that he would purchase, and, having paid up his rent to that time, tendered the purchase-money agreed upon, then of course he was not indebted for rent or holding over as tenant. When he had exercised his privilege and had tendered the purchase-money, he ceased to be a tenant, and became in law and equity the owner of the premises. It was claimed in the court below, and in the argument here, that the contract for sale of the land was within the statute of frauds, and that, inasmuch as the counter-affidavit did not allege that it was in writing, the demurrer should have been sustained. We do not agree with the plaintiff's counsel in this contention. The rule is well settled that it is not necessary to aver in pleadings that contracts required by the statute of frauds to be in writing are in fact so. When a contract of this kind is set up, the court will presume that it was in writing, unless the pleadings show to the contrary. Where the contract is alleged without stating whether it is written or oral, the pleading is not demurrable

because silent on this question. This point has been recently passed upon by this court and discussed in an elaborate opinion by Mr. Justice Lewis in the case of *Draper* v. *Macon Co.*, 103 *Ga.* 661, in which the decisions of this court and many other authorities are reviewed and discussed. In that case it was held that a petition was not demurrable because it failed to allege that a contract, which was within the statute of frauds, was in writing. This ruling was followed and approved by a full bench in the case of *Bluthenthal* v. *Moore*, 106 *Ga.* 422, and it is unnecessary to further elaborate the subject here.

Nor was the contract in the present case without consideration. It will be remembered that the contract of rental of the premises, of sale of the merchandise, and of giving an option on the land was all one. Edmundson agreed to rent the place and buy the goods, and Walker agreed to sell the land at any time within two years that Edmundson desired to purchase it. We think the promise of Edmundson to pay rent for the place and the payment by him of the purchase-price of the goods was sufficient consideration for Walker's promise to sell him the land. In all probability Edmundson would not have agreed to rent the place and buy the goods at the agreed terms if Walker had not given the option as part of the contract. It is probable that Edmundson was induced to buy the goods for a larger price by this opportunity to obtain the stand or location for merchandising, in the hope of continuing business there. Certainly he did have this option included as part of the contract, and the consideration of the contract supports its every part, it being entire. Nor was the contract unilateral. One party agreed to pay rent and buy the goods, and the other promised to allow the use of the rented place, to sell the goods, and to sell the land at the option of the first. True Edmundson had an option and was not bound to purchase the land, but when he exercised his option by offering to buy, the contract of sale then became binding on both parties. Upon these questions see the opinion of Mr. Justice Little in *Black* v. *Maddox*, 104 *Ga.* 157.

We think that the contract set up by Edmundson was not too indefinite to be susceptible of specific enforcement. It was clearly alleged that the plaintiff agreed to sell the defendant two houses and a twenty-five-acre tract of land at five dollars

per acre, together with the value of the material of which the houses were built.    Here, then, is a contract which specifies the land involved, its exact location and boundaries, and that the price is to be five dollars per acre.    It is true the counter-affidavit alleges that there is a deficiency in the number of acres, but as the contract provided for payment according to the number of acres and not for a fixed price for the whole, there is no difficulty in ascertaining the exact number of acres to be paid for by the defendant.    In such a case the vendee can enforce specific performance of the contract, abating the price on account of the deficiency.  See *Phinizy* v. *Guernsey*, ante, 346.   The value of the material of the houses could be easily ascertained, and the fact that the price of it was not definitely fixed by the contract would not render the agreement so uncertain and vague as to defeat a proceeding to have it specifically enforced.    For these reasons we think that the judge did not err in overruling the demurrer filed by the plaintiff to the defendant's counter-affidavit.    *Judgment affirmed.   All the Justices concurring.*