## PATTILLO v. JONES.

Assuming the allegations thereof to be true, the petition set out a cause of action. The contract which was sought to be enforced does not, from the allegations made, appear to be without consideration.    The court erred in sustaining the demurrer.

Argued April 2, — Decided April 26, 1901.

Equitable petition.    Before Judge Fite.    Bartow superior court.
September 27, 1900.

*John W. Akin* and *James M. Neel*, for plaintiff.
*King & Spalding, J. W. Harris,* and *A. S. Johnson,* for defendant.

LITTLE, J.    Pattillo filed a petition against Jones, alleging, in
substance, as follows:    In 1894 he ascertained that certain de-
scribed land owned by one Field contained minerals of sufficient
quantity and quality to make it valuable, and obtained from Field
an option for the purchase of such lands, to extend sixty days, at
the price of $4,000, of which sum $1,000 was to be paid cash,
$1,500 in twelve months, and $1,500 in two years, the deferred
payments to bear interest.    After obtaining this option he showed
the property to Jones and told him what he had done, and Jones
then desired to get an interest in the land, to accomplish which
they entered into certain contracts and agreements, copies of which
he attached to his petition.    These were made before the expira-
tion of the time named in the option, "upon valuable considera-
tions, mutual promises, damage to petitioner, and benefit to Jones."
The land was worth $10,000, and eighty-two acres of it described
in the contract was worth $4,000 for agricultural purposes.    Peti-
tioner transferred the option to Jones, and then Field sold the
place to Jones, received from him part of the purchase-money, and
executed a bond conditioned to make him a title on the payment
of the balance of the purchase-money.    Jones bound himself to
pay Field for the land in the terms of the option, but has failed to
do so, and Field has sued the purchase-money debt to judgment,
caused execution to issue thereon, and the land is likely to be sold
for the purchase-money.    Notwithstanding his contract to sell the
same to petitioner, Jones now claims that in November, 1894, he
sold the eighty-two acres of the land, which was valuable for agri-
cultural purposes, to a third person for the sum of $3,000.    In Au-
gust, 1896, petitioner tendered to Jones $1,000, and demanded title
to the eighty-two acres specified in the contract, inasmuch as one
half of the profits from the land purchased did not amount, in the
two years, to enough to pay one half of the purchase-price and in-
terest, as provided in their contract.    Jones refused to make peti-
tioner title to the same, though petitioner has always been ready
and willing to comply with his contract in relation thereto, and

makes a continuing offer to pay him $1,000 for that portion of the land, which Jones refuses to accept. He prays that Jones be compelled to specifically perform his contract by paying off the balance due Field as the purchase-price of the lands, and that Jones be compelled to accept the $1,000 and execute to petitioner sufficient title to the eighty-two acres of land described. He prays also to recover rents from that part of the land from August, 1896; and, in the event specific performance can not now be made, that he recover of Jones damages in the sum of $5,000 for breach of the contract.

There were two contracts entered into by the parties, for a breach of which petitioner claims he has a right of action. The first recited the fact that Pattillo held an option in writing given by Field, wherein the latter bound himself to sell to Pattillo certain lands described, on the terms set out in the petition, and in consideration of certain agreements Pattillo transferred and assigned all his rights under that option to Jones. Jones agreed that, if Pattillo was unable to furnish one half of the amount necessary to meet the $1,000 cash payment described in the option, he would pay the entire sum of $1,000 to Field before the option expired; that each of the parties should pay one half of the balance of the purchase-money due on the property; and that if Pattillo for any reason should not be able to raise his half of the purchase-money, Jones should have the right to pay it by having the property mortgaged to pay the sum required. It was further agreed that the bond for titles should be made to Jones, and that he should make to Pattillo good title to an undivided one-half interest in the property whenever Pattillo should pay to Jones one half of the purchase-money. It was further stipulated, that if the land should be sold by Jones and Pattillo for a profit before the purchase-money was paid, Jones should be paid, out of the sum received, all advances made by him, with interest, and that after such payments any remaining balance should be divided between the two. This contract was subsequently modified as follows: If at the end of two years one half of the profits which might arise from the property should not amount to enough to pay one half of the purchase-price of the land, Pattillo should lose all his right in the land and be relieved from all obligation to pay any part of the purchase-money; if such profits should amount to enough to pay one half of the purchase-price, Jones should make him a deed to

,an undivided one-half interest in the property. Pattillo was to have the right to purchase the eighty-two acres above referred to, for the sum of $1,000, in the event he should lose his half interest by reason of the fact that the profits arising from the land were not sufficient to pay the purchase-money. Such profits were to remain in the hands of Jones until he should be paid for all moneys advanced by him on the purchase-price with interest.

To this petition the defendant filed a general demurrer upon two grounds: first, that the facts stated in the petition set out no cause of action which entitled the plaintiff to recover; second, that the facts stated showed that the alleged contract on which the action was based was a nudum pactum, and supported by no valid or sufficient consideration. The court sustained the demurrer, and the plaintiff excepted; and the only question we have to consider is whether in so doing the judge committed error.

The right of action which the plaintiff claimed was based on an alleged breach of the terms of the contracts, copies of which were attached to the petition. It will be noted that a copy of the written option to purchase the land, which Field gave to Pattillo, and which it is alleged the latter transferred to Jones, is not set out in the petition. It was argued here that the consideration of the contracts was the transfer of this option, and that it appeared to be entirely without consideration; it did not afford a sufficient consideration to support the contracts entered into by the plaintiff and defendant, for a breach of which the action was instituted. It was conceded in the argument that as a matter of fact the option given by Field had no money consideration, and it was urged that, this being so, the contracts were incapable of being enforced, and that the judge committed no error in sustaining the demurrer to the petition. We must determine this case by the pleadings, notwithstanding the parties do not seem to be at variance as to the terms of the original option to purchase the land, the transfer of which, it is claimed, was the consideration which caused the execution of the contracts. In the case of *Constitution Publishing Co.* v. *Stegall*, 97 *Ga.* 405, it was ruled that the scope of a demurrer could not, by an agreed statement of facts, be extended to cover questions which might arise upon a motion for a nonsuit, such facts not appearing in the declaration. In the case of *Augusta & Savannah R. Co.* v. *Lark*, 97 *Ga.* 800, this court further ruled that, in determining whether

or not the trial judge erred in overruling a general demurrer to the declaration, this tribunal could not look beyond the declaration itself, nor consider a written agreement of facts entered into between the parties for the purposes of the demurrer.    A like ruling was made in the case of *Sasser* v. *Adkins*, 108 *Ga.* 228.    Under the rulings made in these cases we must look alone to the allegations made in the petition, in determining the question whether a cause of action was set out, and whether from these allegations, including copies of the contracts sued on, it appears as a matter of law that these alleged contracts were without consideration.    We find that the petition declares that the contracts were made upon valuable considerations, mutual promises, damage to the plaintiff, and benefit to the defendant.    It is true that the transfer of the option obtained from Field appears to be the consideration which moved the parties to the execution of the first contract, but it nowhere affirmatively appears that this option was without sufficient consideration.    If a copy of it had been attached to the petition, it might be determined as a matter of law whether it was valid, or, for want of a consideration, invalid.    But inasmuch as the option did not constitute the basis of the suit, it was not necessary that it should be set out.    A reference to it as a contract between Pattillo and Field sufficiently implies a consideration, where nothing else appears.    Hence we do not think it could be claimed that the contract sued on was void for want of a consideration, for the reason that *its* only consideration was the transfer of the option which was itself void for want of a consideration.

If it be claimed by Jones that the contract sought to be enforced was void for want of mutuality in the undertakings of the parties, the reply is, that the allegations made in the petition plainly declare that the undertakings on the part of Pattillo were made for a valuable consideration.    In the absence of statutory enactments to the contrary, it is necessary in actions upon contracts to allege a consideration, except in specified instances of contracts under seal, bills of exchange, and negotiable promissory notes, which imply a consideration.    While this is true, a general allegation that the contract sued on was founded on a valuable consideration is sufficient to keep the petition in court, certainly as against a general demurrer.    As we have said, the option not being the contract sued on, it was not necessary that the pleadings should contain a recital.

that it was founded on a valuable consideration. The reference to it as an option of purchase is sufficient, so far as the petition is concerned, to characterize it as a legal option of purchase. And as the petition alleges that the contracts were made on a valuable consideration, and such allegation being legally sufficient, and as we can not add to the allegations of the petition any understood or agreed facts, it is our opinion that they set out a good cause of action, and sufficiently averred that the contracts which formed the basis of the action were founded on a valuable consideration. We must, therefore, rule that the trial judge erred in sustaining the demurrer and dismissing the petition.

<em>Judgment reversed. All the Justices concurring.</em>