## COLLINS, trustee, *v.* CARR.

1. An interlocutory judgment of a trial judge upon an equitable petition, affirmed by this court, is not res judicata unless it was based solely upon a question of law.   If based upon law and evidence, it is not binding at the final trial unless the proof is then substantially the same as at the interlocutory hearing.

2. Where, therefore, a father had in his will given all of his property to A in trust for B, the son of the testator, with certain limitations over, and after the probate of the will B filed an equitable petition against the trustee, alleging that B was sui juris and not within any of the classes for whom trusts can be created in this State, and praying that the trust be declared executed, the trustee removed, and the title to the property decreed to be in petitioner ; and the trustee answered that the son was of weak mind and of intemperate, wasteful, and profligate habits, illustrating by some of the acts of B, and B in an affidavit denied the allegations of the answer, and no evidence was introduced except the petition, answer, and reply affidavit ; and upon these facts

the judge decided that the trust was executed and removed the trustee, the judgment, being based upon a question of fact, was not final between the parties, although affirmed by this court.

3. It not appearing that there has ever been a final trial before the jury, the case is still pending in the court for trial. If upon such trial the son should establish his contentions to the satisfaction of the jury, the trust will be finally set aside and annulled.

4. The foregoing being true, there was no necessity for a motion to set aside the interlocutory judgment, and the court did not err in refusing to set it aside, although the reason given may have been erroneous.

Submitted May 1, — Decided July 23, 1902.

Motion to set aside judgment. Before Judge Holden. Hancock superior court. October 1, 1901.

*Hunt & Merritt* and *James A. Harley*, for plaintiff in error.
*R. H. Lewis* and *W. H. Burwell*, contra.

SIMMONS, C. J. Dying testate, Josiah Carr by his will gave all of his property to Collins in trust for his son, J. H. Carr, for life, with certain remainders over. In 1899 the son filed an equitable petition in the superior court, alleging that he was sui juris and not of intemperate, wasteful, or profligate habits, and praying that the trust be declared executed as to the life-estate, that the appointment of the trustee be annulled, and that a receiver be appointed to take charge of the assets until the final order of the court. A rule nisi was issued, calling upon the trustee to show cause, at chambers and in vacation, why the relief prayed should not be granted. Collins answered, alleging that the son was of weak mind and of intemperate, wasteful, and profligate habits, and reciting certain acts of the son which he claimed showed that this was true. The son also filed an affidavit, denying the charges made in the answer. Upon the interlocutory hearing at chambers, the case was submitted to the judge on the petition and answer and the affidavit of the son. The judge held that the trust was executed, and removed the trustee. Collins sued out a bill of exceptions to this court, where, at the March term, 1900, the assignment of error being insufficient, the writ of error was dismissed and the judgment below affirmed. Collins then filed a motion in the court below to set aside the interlocutory judgment rendered at chambers, on the ground that the judge had no authority to make a final decree at chambers. The judge below overruled this motion, and held that, inasmuch as the judgment had been affirmed by the judgment of this court, the question had become res judicata. To this Collins excepted.

1, 2. An interlocutory judgment or order, rendered by a judge at chambers and affirmed by this court, is only binding and controlling on the final hearing when based solely upon a question of law. *Ingram* v. *Trustees*, 102 *Ga.* 226. In the case just cited the reasons why such a judgment is controlling are fully set out and elaborated. If the judgment is not based upon pure questions of law but upon questions of evidence or of law and evidence, it is not binding or controlling upon the final hearing, unless the proof be the same as at the interlocutory hearing. Whenever a judgment depends upon the discretion of the court in deciding questions of law and fact, it is not binding. See *City of Atlanta* v. *Church*, 83 *Ga.* 448. In the present case the judgment holding that the trust was executed and removing the trustee was based upon the allegations of the petition and answer and the supplementary affidavit of the petitioner. In order to arrive at the decision made, the judge must have held that, under the evidence before him, Carr had sufficient capacity to manage the property and was not of such intemperate, wasteful, or profligate habits as to authorize the appointment of a trustee for him. This judgment was, therefore, not binding upon the court or the parties at the final hearing, although affirmed by this court, unless the jury should from the evidence before them reach the same conclusion as had been reached by the judge at the interlocutory hearing.

3. So far as appears from the record, the case made by the original petition of Carr and the answer of the trustee is still pending in the superior court of Hancock county. It should be tried and disposed of. If upon the trial the plaintiff can show to the satisfaction of the court and jury that his father was mistaken as to his mental capacity and habits at the time the will was made, or that at the time of the trial he is not within any of the classes for whom trusts can be created in Georgia, then the court and jury would be authorized to declare the trust executed as to the life-estate. *Sinnott* v. *Moore*, 113 *Ga.* 908.

4. The foregoing propositions being true, there was no necessity for a motion to set aside the interlocutory judgment, and there was no error in the ruling of the judge, although he may have based his ruling upon an incorrect theory of the law.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*