ATLANTA TRUST AND BANKING CO. *v.* NELMS *et al.*

1. A judgment of a trial court refusing an injunction, when the same depends entirely upon a question of law, is, upon its affirmance by the Supreme Court, while not a final judgment in the case, a final adjudication of such question.

2. An application was made for an injunction, and the only reason shown by the defendant as cause against the granting of the injunction was a general demurrer. The judge, at the first term, passed an order refusing the injunction, and also an order sustaining the demurrer and dismissing the case. Separate bills of exceptions were sued out by the plaintiff, assigning error upon each of the judgments; and the judgment refusing the injunction was affirmed by the Supreme Court. At a subsequent term the case based upon the other bill of exceptions came on for a hearing, and no other questions were involved therein than such as were involved and decided when the judgment refusing the injunction was under review. *Held*, that the judgment last referred to will be treated as res adjudicata, and the judgment sustaining the demurrer will be affirmed.

3. The application for a direction allowing the plaintiff to amend its petition upon the filing of the remittitur is denied; no sufficient reason appearing why this case should be taken out of the general rule preventing the filing of an amendment after a judgment sustaining a general demurrer is affirmed.

. Submitted February 23, — Decided March 3, 1904.

Equitable petition. Before Judge Lumpkin. Fulton superior court. November 14, 1902.

*Dorsey, Brewster & Howell,* for plaintiff.

*John L. Hopkins & Sons, W. R. Hammond, L. R. Ray,* and *R. O. Lovett,* for defendants.

COBB, J. The Atlanta Trust and Banking Campany filed an application for an injunction against Nelms and others. The interlocutory hearing was had during the term to which the case

was returnable.　The defendants filed a general demurrer, and urged this as a reason for not granting the injunction prayed for. The plaintiff offered an amendment to its petition, which the court refused to allow.　No other reason was shown against the granting of the injunction than the demurrer above referred to.　The court passed, on the same day, two orders, each embracing a separate judgment; the one refusing to grant the injunction prayed for, and the other sustaining the general demurrer and dismissing the case.　The plaintiff filed two bills of exceptions: one to the judgment refusing the injunction, and the other assigning error upon the judgment sustaining the demurrer; and in each bill of exceptions error was assigned upon the ruling of the judge refusing to allow the amendment to the petition.　The bill of exceptions in each case was transmitted with the appropriate record to this court.　The one upon the fast writ of error was returnable to the October term, 1902, and the judgment on this writ of error was affirmed.　*Atlanta Trust and Banking Co.* v. *Nelms,* 116 *Ga.* 915.　The case now before us is the one made by the bill of exceptions assigning error upon the judgment sustaining the demurrer, the case being returnable, under the law, to the March term, 1903, and having been regularly continued to the present term on account of the death of one of the parties.　The same questions, and no others, that were made and decided in the case when it was here on the fast writ of error are made by the assignments of error in the present case.　In each instance the questions were, whether or not the court erred in disallowing the amendment to the petition, and whether, as matter of law, the allegations of the petition were sufficient to authorize the relief prayed for.　Both of these questions were decided adversely to the plaintiff in error when the case was here before; and, under the ruling in the case of *City of Atlanta* v. *First Methodist Church,* 83 *Ga.* 448, which was approved and followed in *Ingram* v. *Mercer University,* 102 *Ga.* 226, an affirmance of the judgment on the writ of error now before us results, because the judgment of the trial judge refusing the injunction depended upon a question of law, and when that judgment was affirmed by the Supreme Court, the point in question was finally adjudicated, and the parties in the case were thereafter bound by that judgment.　See also *Savannah Railway* v. *Savannah,* 115 *Ga.* 137.　This rule

is, however, not applicable unless the judgment is based entirely upon a question of law.    *Collins* v. *Carr*, 116 *Ga.* 39.    If the hearing on the demurrer had taken place after the affirmance of the judgment refusing the injunction, the trial judge would have been bound by the former judgment which had been affirmed, and would have been compelled to sustain the demurrer.    The fact that the two judgments were rendered on the same day does not prevent the principle that would have been applicable under the facts just referred to from being controlling.    The judge, in passing the order sustaining the demurrer and dismissing the case, simply anticipated a result which was inevitable in the event his judgment refusing the injunction was affirmed.    Following the precedent in the cases above cited, the judgment in the present case will be affirmed.

The plaintiff in error asks that, in the event the judgment is affirmed, this court give direction that it be allowed to amend its petition upon the filing of the remittitur.    The general rule is, as stated by counsel in their brief, that where a case is dismissed on demurrer, and such judgment is affirmed by the Supreme Court, no amendment can be allowed upon the filing of the remittitur, unless direction to that effect is given by the Supreme Court. Applications for such direction are addressed to the discretion of this court; and we are unable to see any good reason why this case should form an exception to the general rule.    The litigation has been of several years duration, and was pending long enough before the judgment sustaining the demurrer for the plaintiff, if it had been in the exercise of due diligence, to have discovered all that was necessary to the maintenance of its case.    The controversy first appeared in this court in 1902 (115 *Ga.* 53), and seems to have originated in the trial court either in the early part of 1901 or the latter part of 1900.    The judgment on demurrer was entered on November 13, 1902.    We must decline to give the direction asked.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*