## ALLEN & HOLMES *v.* POWELL.

1. In a petition declaring upon a contract it is not necessary, even if such contract is within the operation of the statute of frauds, to allege that there was a writing. Upon demurrer it will be presumed that the contract was in writing, unless the averments of the petition distinctly show to the contrary.

2. The petition was subject to the objection raised in the special demurrer that it did not distinctly appear whether the plaintiff had any legal or equitable interest in the subject-matter of the controversy, at the time of the alleged contract of sale to the defendant, and was otherwise defective.

Submitted March 3,—Decided May 16, 1906.

Complaint. Before Judge Mitchell. Colquitt superior court. April 11, 1905.

Powell brought suit against Allen & Holmes, a partnership. The petition alleged, that the defendants were indebted to plaintiff in the sum of $1,550, besides interest, by reason of the following facts: During the month of August, 1903, plaintiff and one Kendall "began negotiations for the purchase" of 10,000 acres of timber land in the State of Florida. "Before such negotiations were terminated," one Smith acquired a fifth interest therein from plaintiff and Kendall. During the same month, and "while negotiations were still pending," the defendants made to plaintiff and Kendall a proposition "to let them in the purchase," agreeing and obligating themselves to pay plaintiff and Kendall $250 each, provided that plaintiff and Kendall would each agree to allow defendants "to come into said trade" and take a two-fifths interest therein. This was agreed to by all the parties concerned. Plaintiff, Smith, and Kendall were each to have a fifth interest. The trade for the purchase of the timber was closed in the same month, the amount paid being $17,000. When the trade was closed the deed to the land was made, and the names of plaintiff, Smith, Kendall, and defendants appeared therein as grantees, in accordance with the agreement above referred to. "This deed was made and executed in Florida, and sent to Moultrie, Ga." When it reached Moultrie the defendants caused it to be returned to the grantor, and another deed made to Kendall, Smith, and defendants as the only grantees. The first deed, in which the name of the plaintiff appeared as a grantee, was destroyed. All of this was done without his authority and against his consent. Within a few days after the second deed was

made, the grantees therein sold the land for $30,000, realizing $13,-000 profit on the transaction. One half of this sum was received by the defendants. Plaintiff is entitled to $2,600 as his portion of the profits of this transaction; and of this sum $1,300 is due by defendants. In addition to this amount they are due him $250, making the aggregate sum for which the suit is brought $1,550. Plaintiff has demanded this amount of defendants and each of them, and they have refused to pay it. To this petition the defendants filed a general demurrer, and also a special demurrer containing numerous grounds. The demurrers were overruled, and the defendants excepted pendente lite. The defendants answered, and the trial resulted in a verdict in favor of the plaintiff. The defendants made a motion for a new trial, which was overruled, and they excepted.

*J. A. Wilkes* and *W. A. Covington,* for plaintiffs in error.

*Shipp & Kline* and *W. M. Hammond,* contra.

COBB, P. J. (After stating the foregoing facts.)

1. One of the objections raised to the petition, in the demurrer, was that the contract relied on as the basis of the suit was a contract for the sale of an interest in land or concerning land, and it did not appear from the averments of the petition that the contract was in writing. It did not distinctly appear that the contract was verbal. Under such circumstances the objection is not well taken. If the averments of the petition are such as to show a valid contract, even though a contract within the operation of the statute of frauds, and it does not appear that the contract was merely verbal, as against a demurrer the presumption would be that the contract was in writing. *Ansley* v. *Hightower,* 120 *Ga.* 719 (3). As to whether the contract relied on should be in writing in order to be enforced, see *Roughton* v. *Rawlings,* 88 *Ga.* 821; *Henderson* v. *Napier,* 107 *Ga.* 345; *Lyons* v. *Bass,* 108 *Ga.* 573.

2. The demurrer also raises the objection that the petition does not allege with distinctness what was the character of the negotiations pending at the time of the alleged contract between the plaintiff and the defendants, and that it is impossible to determine from the averments of the petition whether the negotiations had reached a stage where the plaintiff had acquired an interest, either legal or equitable, in the property, which could be made the subject-matter of a sale or transfer. It may be that as against a general demurrer it is possible to infer, from the averments of the petition, that the

negotiations had reached a stage where the plaintiff could have compelled a conveyance of the land from the party with whom he was negotiating, but as against a special demurrer no such inference can be indulged. "Negotiations" is a very broad term. It embraces everything from the first approach of the one who desires to purchase to the one from whom the purchase is to be made, to the final consummation of the contract of purchase. One does not acquire an interest, either legal or equitable, in the subject-matter of negotiations merely by the beginning of negotiations. Mere negotiations for a contract do not, as a general rule, vest any right in the negotiator, and therefore he has nothing to part with, nothing to sell; and a promise based upon the consideration merely that the promisor shall be admitted into the negotiations at that stage would be nudum pactum. If the negotiations had reached a stage where the person desiring to purchase could compel a conveyance of the property from the owner, as a result of a valid option or otherwise, then such person would have something which he owned, which could be made the subject-matter of a legal transfer. Until the negotiations reach this stage he has nothing which can be the subject of a bargain. The defendants were entitled to be put upon notice of the exact character of the negotiations pending at the time of the contract between them and the plaintiff, so as to determine whether there was anything which could be the basis of a sale. The special demurrers raising these objections to the petition were well taken.

Another ground of the special demurrer was that the petition did not allege to whom the first deed was sent, what was the character of the deed, nor what interest it conveyed in the property. This objection was also well taken. The petition should have alleged what interest each of the parties named as grantees therein obtained under the deed, that is, what was the character of the estate conveyed to each. It also should have been distinctly alleged to whom the deed was forwarded. The allegation is merely that it was "sent to Moultrie, Ga." Whether it was sent to the defendants, or other persons, does not appear. It is alleged that the defendants caused the deed to be returned and destroyed, and a second deed made; but it is impossible to determine whether the sending of the deed to Moultrie was, under all the circumstances, a delivery of the deed to the plaintiff so as to make it a complete conveyance so far as he was

concerned. If the sending of the deed to Moultrie, to some person' there, amounted to a delivery of the deed to all of the grantees named therein, then the defendants could not, by returning the deed and having the same destroyed, defeat the title of the plaintiff to his interest in the land, which passed by the execution and delivery of the deed. *Holder* v. *Scarborough,* 119 *Ga.* 256. All of these facts should as against the objections raised in the special demurrers have been pleaded distinctly and fully. The other grounds of the special demurrer not embraced in the above discussion seem to be without merit. In the absence of appropriate amendments relieving the petition from the objections above referred to, the defendants were entitled to have the case dismissed.

*Judgment reversed. All the Justices concur.*