# CROVATT *v.* BAKER.

1. Where a motion was made to dismiss a writ of error on the ground that a defendant, against whom substantial relief was prayed in the court below, had not been made a party defendant in the bill of exceptions, nor had been served with a copy thereof, and, in response to such motion, the plaintiff in error moved to amend the bill of exceptions by making such omitted defendant a party thereto, and at the time of making the motion tendered a written waiver of service and an agreement by counsel for such omitted party that the case be heard in this court. *Held,* that the amendment making parties will be allowed, and the motion to dismiss will be overruled.

2. During vacation, before the term of court to which the suit was made returnable, the judge, upon consideration of a demurrer and other pleadings and evidence submitted on an interlocutory hearing of a petition for injunction and other relief, in the exercise of his discretion temporarily enjoined the defendant as prayed. Exception was taken, and the judgment was affirmed in the Supreme Court. *Baker* v. *Crovatt,* 128 *Ga.* 34 (57 S. E. 78). Afterwards, when the case came on for final trial in the court below, a motion was made to dismiss the demurrer, on the ground that the judgment at the interlocutory hearing had concluded the defendant upon the points raised by demurrer. *Held,* there was no error in overruling this motion.

3. In a suit for the specific performance of a contract for the sale of land, where the allegations of the petition do not affirmatively show that the contract rested merely in parol, it will be presumed, upon demurrer, that the contract was in writing.

(*a*) In a suit of the character mentioned in the foregoing division of this headnote, declaring upon a contract presumed to be in writing, where the allegations of the petition show that the defendant, for a valuable consideration, consisting of services rendered by the plaintiff, had stipulated that, upon the payment of a certain sum of money within a specified time, he would convey to the plaintiff an undivided one half

interest in certain land, and that in accordance with such stipulations the plaintiff, within the time specified, accepted the proposition, and made an unconditional and continuing tender of the stipulated purchase price, and demanded a conveyance, which demand was refused by the defendant, the petition was not subject to general demurrer.

(*b*) In a suit of the character mentioned in the preceding divisions of this headnote, where tender of the purchase-price is relied upon by the plaintiff to take the place of payment, general grounds of demurrer, that (*a*) "No cause of action is set out in said petition;" (*b*) "The alleged contract sued on is too indefinite to be enforced in this action;" (*c*) "It is nowhere alleged that the plaintiff has not a complete remedy at law," are insufficient to require a dismissal of the petition on account of an insufficient tender, where there is a general allegation of an unconditional and continued tender made within the time specified in the contract.

Argued October 16, 1907.—Decided April 15, 1908.

Equitable petition. Before Judge Parker. Glynn superior court. June 5, 1907.

*Harry F. Dunwody* and *Crovatt & Whitfield,* for plaintiff.

*R. D. Meader* and *W. G. Brantley,* for defendant.

ATKINSON, J. In the plaintiff's petition it was alleged that several persons owned a certain tract of land in the city of Brunswick. It was further alleged, that the petitioner, "from long residence" in said city, "and from much experience in the value of real estate therein," was convinced that said described premises could be purchased at a reasonable price from the several owners thereof, and, if so purchased, would be of considerably greater value to the purchaser, and would be and become a profitable investment; that so believing, and being without means himself to make the purchase, petitioner approached the defendant, whom he knew to be a man of means and able to make the purchase, and discussed the same with him, with the result that the defendant then and there (on or about the 10th day of March, 1905) agreed that if such purchase could be made, he would furnish the necessary money with which to make the purchase, the title to all the property when purchased to vest in the defendant and so remain until a sale thereof could be made by the defendant and the petitioner, either or both of them, or until petitioner should pay the defendant one half of the purchase-price paid by him for the property, with interest thereon at the rate of 8 per cent. per annum, when, in the event the sale was made, the defendant would pay to petitioner one half of the net profits arising from said sale; or, in

the other event, petitioner to make payment to the defendant of one half of the purchase-price, with interest added thereto, and the defendant would then convey by good and sufficient conveyance an undivided one half interest in the property to petitioner, provided only that in either event the same should be done within the period of two years from the making of the purchase by the defendant and petitioner as aforesaid, and provided further that petitioner would conduct the negotiations, effect the purchase from the owners of said property, and petitioner, being an attorney at law, would do all things necessary in order to vest good and sufficient title to said property in the defendant for the purposes and subject to the conditions hereinbefore recited. It is further alleged, that upon the faith of the foregoing facts, petitioner communicated with Geiger, an owner of an undivided interest in the property, who was a resident of the county of Wayne, and, after considerable effort and discussion, negotiated the purchase from Geiger at and for the purchase-price of $5,000, or about that sum, and, in accordance with his promise and obligation, petitioner, without expense to the defendant, prepared all papers necessary to convey the title thereto from Geiger and vest the same in the defendant, and the purchase-money was duly paid by the defendant, and the title thereto made and delivered by Geiger and vested in defendant; that petitioner then set about purchasing from Beach, trustee, the other remaining undivided one half interest, and, after much difficulty, Beach, as trustee, agreed to a sale, and thereupon petitioner "procured and paid to the said trustee the sum of $50, on or about the 28th day of February, 1905, in evidence of such purchase," the total purchase-price of the undivided one half interest of the said trustee being the agreed sum of $5,310; that thereafter the purchase-price was fully paid said trustee by the defendant, and the title thereto conveyed to and vested in the defendant by said trustee; that in order to perfect the sale from the said trustee and vest title to the property in the defendant, it was necessary to procure lawful authority for the trustee to make the sale, and, in compliance with his agreement with the defendant, petitioner prepared and made application and did all things necessary and appertaining thereto, and procured the order of court authorizing the sale, drew the bond for title evidencing such sale, and at the proper time drew a deed con-

veying the property from said trustee to the defendant; that all of such matters were difficult, requiring much labor and skill upon the part of petitioner, and were reasonably worth the sum of $500, but were done by petitioner as a part of the promise and agreement between the defendant and himself as aforesaid, and without cost, expense, or charge, either to the vendors respectively or to the defendant; that upon the consummation of the aforesaid purchases, the defendant entered into the possession of the property, as the owner of the same in entirety in fee simple, and in accordance with the agreement between petitioner and himself, and has since that time remained and is now in possession of said property; that on September 29, 1906, petitioner, in pursuance of his rights under the contract and agreement as herein set out, tendered to the defendant the one half of the entire purchase-price of said premises, with interest thereon at the rate of 8 per cent. per annum from the date of the said purchase to the date aforesaid, which the defendant then and there refused to accept; that petitioner is ready and willing to make such payment, and hereby tenders the same and makes such tender a continuing one. Other allegations were made, a statement of which here is not necessary to the determination of the questions made in this case. Among the prayers of the petition were the following: "(2) That upon the hearing of this petition said defendant may be, by the order, judgment, and decree of said court, required and compelled to specifically do and perform his obligations and undertakings towards your petitioner, hereinbefore set out, and, by good and sufficient conveyance, upon the payment by your petitioner of the aforesaid one half purchase-price and interest, convey to your petitioner, his heirs and assigns, in fee simple, an undivided one half interest in and to the premises in this petition described." "(3) That from time to time during the progress of this case, and upon final hearing and determination, such other and further relief may be granted to your petitioner as may be necessary and to the court may seem meet and proper." The defendant filed a demurrer upon several grounds, those necessary to be stated being as follows: "1. No cause of action is set out in said petition. 2. The alleged contract sued on is too indefinite to be enforced in this action. 3. It is nowhere alleged that the plaintiff has not a complete remedy at law." Upon consideration, at the appear-

ance term of the court, the demurrer was sustained and the petition dismissed. Error is assigned upon this ruling.

1. On the call of this case, a motion was made to dismiss the bill of exceptions, on the ground that B. H. Levy, Brothers & Company were not made parties defendant to the bill of exceptions, and had not been served either personally or through counsel with a copy of the same, and service had not been waived by them, and that B. H. Levy, Brothers & Company were interested in sustaining the judgment of dismissal that was excepted to, and were parties in the court below. B. H. Levy, Brothers & Company were not made parties to the bill of exceptions, nor were they parties to the original petition, as appears from the record filed in the case. It was insisted that they were made parties to the petition in the trial court by an amendment, but the record sent up did not contain a transcript of the amendment. Under section 5575 of the Civil Code, we caused the clerk of the trial court to transmit to this court the amendment filed making them parties in the court below. On receiving and inspecting this amendment, it appeared that B. H. Levy, Brothers & Company were made parties to the original petition, and substantial relief was prayed against them. At the time the motion to dismiss was made in this court, the plaintiff in error, in response thereto, submitted a motion to amend the bill of exceptions by making B. H. Levy, Brothers & Company parties, and at the same time tendered, from their counsel, a written acknowledgment and waiver of service, and consent and agreement that the case be heard by this court.

"The bill of exceptions may be amended in the Supreme Court, so as to conform to the record in the cause." Civil Code, §5573. Under this section, it is allowable to make parties, when such appear from the record to be parties to the case. Accordingly, the motion to make parties will be allowed. The case will not be dismissed for want of service, "when the party benefited by a failure to serve shall—if the bill of exceptions and a copy of the record in any case shall be in the hands of the clerk of the Supreme Court— waive service and agree that said case may be heard." Civil Code, §5547, par. 3. The plaintiff in error complied with this section of the code, and the motion to dismiss is denied.

2. The ruling announced in the second headnote needs but little elaboration. The judgment at the interlocutory hearing

was a mere exercise of discretion, and was not. a final judgment "upon the whole law of the case." In this respect the case may be distinguished from the cases of *City of Atlanta* v. *First Methodist Church, 83 Ga.* 448 (10 S. E. 231) ; *Ingram* v. *Trustees of Mercer University, 102 Ga.* 226 (29 S. E. 273); *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 505 (46 S. E. 659) ; *Atlanta Trust & Banking Co.* v. *Nelms,* 119 *Ga.* 630 (46 S. E. 851). A controlling reason why the ruling made at the interlocutory hearing should not conclude the defendant upon any question raised by the demurrer is that the court was without jurisdiction in vacation, before the appearance term of court, to render judgment overruling the demurrer. *Old Hickory Distilling Co.* v. *Bleyer,* 74 *Ga.* 201; *Jenkins* v. *Nolan,* 79 *Ga.* 298 (5 S. E. 34) ; *Murphy* v. *Tallulah Co., 72 Ga.* 196; *National Bank of Augusta* v. *Printup,* 63 *Ga.* 570-576; *Collins* v. *Carr,* 116 *Ga.* 39 (42 S. E. 373) ; *Mechanics Bank* v. *Harrison,* 68 *Ga.* 463.

3. Under the contract as alleged, there were stipulations tending to establish in the plaintiff two separate rights, one to a participation in the distribution of net profits arising from a sale of the property within two years from the date of the purchase; the other to a conveyance by the defendant of an undivided one-half interest in the property upon payment of one half of the purchase-money paid out by the defendant, together with interest thereon, to be made within two years from the date of purchase by defendant. No sale appears to have been made of the property, and it is not contended that the plaintiff is entitled to any relief against the defendant for a breach of that part of the contract which provides for a division of net profits. That feature of the contract may therefore be eliminated from consideration. The only contention is that the defendant, having been tendered one half of the purchase-price, with interest, should be required to execute a deed conveying an undivided one-half interest in the property to the plaintiff in terms of the contract. In the briefs of counsel for both parties, the contract has been referred to as if it were in parol, but, upon a careful examination of the petition, it does not affirmatively appear that the contract was in parol. Introductory to the allegations of the substance of the alleged agreement, it is recited in the petition that the plaintiff "approached the defendant, whom he knew to be a man of means and

able to make such purchase, and discussed the same with said Baker, with the result that said Baker then and there agreed," etc. This is the strongest language in the petition tending to allege that the agreement which was made rested in parol. Similar language was employed in the petition involved in the case of *Allen v. Powell*, 125 *Ga.* 438 (54 S. E. 137); but in that case, on demurrer, it was held that the allegations did not affirmatively show that the contract rested only in parol, and the presumption was indulged that the contract was in writing. The contract involved in the case at bar was one which related to the sale of land, and, under the Civil Code, §2693, par. 4, was required to be in writing. As it was required by law to be in writing, the petition failing to show affirmatively that it rested only in parol, it will be presumed, on demurrer, that the contract was in writing. *Social Benevolent Society v. Holmes*, 127 *Ga.* 591 (56 S. E. 775); *Allen v. Powell* supra; *Ansley v. Hightower*, 120 *Ga.* 719 (3), (48 S. E. 197); *Walker v. Edmundson*, 111 *Ga.* 456 (36 S. E. 800). On demurrer we can only deal with the case as presented by the pleadings, even though counsel in their briefs argue the case as if the contract were in parol. That fact will not extend the record to any material matter not within the scope of the allegations made in the petition. See, in this connection, *Pattillo v. Jones*, 113 *Ga.* 330-4 (38 S. E. 745); *Mitchell v. Southern Ry. Co.*, 118 *Ga.* 845, and cases cited on p. 847 (45 S. E. 703); 3 Cyc. 177. Being obliged to deal with the case as if the alleged contract were in writing, we will not discuss the effect of the statute of frauds on a parol contract of this character. Treating the alleged contract as in writing, the petition was sufficient, under the rulings in *Black v. Maddox*, 104 *Ga.* 157 (30 S. E. 723), *Walker v. Edmundson*, 111 *Ga.* 454 (36 S. E. 800), *Jackens v. Nicolson*, 70 *Ga.* 198, and citations, to withstand the objections urged against it by general demurrer. Under these authorities, when the plaintiff elected to pay, and demanded a conveyance of the property under the contract, and made an unconditional and continuing tender of the purchase-price, the contract was not wanting in mutuality; and, being presumed to be in writing and alleged to have been made upon a valuable consideration, consisting of services rendered by the plaintiff to the defendant, it was enforceable in a court of equity by a decree for specific performance.

33

In the brief of counsel for the defendant in error the point is made, that inasmuch as the exact amount paid by the defendant to Geiger was not stated, and as the averment tending to allege tender recited only that the plaintiff "tendered to the defendant the one half of the entire purchase-price of said premises, with interest thereon at the rate of 8 per cent. per annum from the date of the said purchase, . . which the defendant then and there refused to accept," the averments as to tender were mere conclusions of the pleader, and were insufficient allegations of tender. There is no ground of demurrer calling for more specific allegations upon the subject of tender, and, construing the petition as a whole, the allegations were sufficient upon that subject. The only grounds of demurrer relating to relief by specific performance are: "1. No cause of action is set out in said petition. 2. The alleged contract sued on is too indefinite to be enforced in this action. 3. It is nowhere alleged that the plaintiff has not a complete remedy at law." If the defendant desired more definite allegations with respect to the money tendered, he should have called for them by special demurrer.

*Judgment reversed.   All the Justices concur.*