WALDREP *v.* TOWN OF CANON ·*et al.*

The recital in an order granting an injunction pendente lite, that the judge is influenced to grant the writ for specified reasons, affords no ground to the prevailing party to except to the judgment because the court should have assigned other matters' alleged in the petition as being sufficient to justify the interlocutory order.

Argued January 23,—Decided April 16, 1909.

Injunction. Before Judge Brand. Franklin superior court. August 15, 1908.

*James H. Skelton* and *A. S. Skelton,* for plaintiff.

EVANS, P. J.　The plaintiff in error filed her petition to enjoin the Town of Canon and its officers from enforcing an execution issued by the mayor of the town against her by a levy upon her property. The validity of the execution was attacked on several grounds; and on the interlocutory hearing the court granted an injunction pendente lite, and in his order stated that in his opinion the injunction should issue so as to preserve the status until a final trial should settle the disputed issues of fact. The plaintiff excepts to the grant of the injunction, upon the ground that the court should have enjoined the defendants because the execution was invalid as matter of law.

The plaintiff prayed a pendente lite injunction. The court granted the writ. She is not concluded, by the judge's recital of his reasons for granting the interlocutory injunction, from insisting at the final trial upon all the attacks made in her petition respecting the invalidity of the execution. The judgment at the interlocutory hearing was a mere exercise of discretion, and not a final and conclusive adjudication of the whole law of the case. *Crovatt* v. *Baker,* 130 *Ga.* 507 (61 S. E. 127). The plaintiff therefore is not entitled to a reversal or modification of a judgment in her favor, whether or not the court might have rested his judgment upon the other grounds alleged in the petition as sufficient to justify the grant of an injunction until the final hearing.

*Judgment affirmed. All the Justices concur.*