RUMPH *vs.* TRUELOVE *et al.*

1. A plea in abatement to the effect that a former suit founded on the same cause of action had been brought and dismissed by the court *for want of prosecution*, and that the costs had not been paid before the second suit, was demurrable. Such a case is not covered by section 3446 of the Code.
2. Where to an action of ejectment on a joint demise by a number of plaintiffs an equitable plea was filed, which affected the plaintiffs differently, the joint demise did not prevent a several verdict for the plaintiffs for a part of the land based on the rights of some of them.
3. An administratrix whose letters had abated by marriage could not sell property of the estate and pay debts of the intestate, so as to bind minor distributees by her contracts ; nor could the ordinary render such contracts binding upon them by his approval.

Ejectment. Administrators and Executors. Estates. Minors. Practice in the Superior Court. Before Judge LESTER. Lumpkin Superior Court. April Term, 1880.

To the report contained in the decision it is only necessary to add that the fifth ground of the motion for new trial was as follows : Because the court charged the jury that if they found that the widow made a deed to this land within one year from the date of letters of administration, this would be an election to take a child's part, and such deed would convey her one-fifth interest ; and in that case, if they found that the remaining four-fifths were in the remaining plaintiffs, they could find a verdict for the plaintiffs for four-fifths of the land in dispute.

PRICE & BAKER; H. H. PERRY, for plaintiffs in error.

No appearance for defendants.

CRAWFORD, Justice.

The plaintiffs in the court below, as the heirs at law of
Miles G. Pearson, brought their action of ejectment to re-
cover certain lots of land therein described, in the posses-
sion of and claimed by G. W. Rumph. Pearson died
seized and possessed of the lands involved in this litiga-
tion; his widow and four children were his heirs; she was
appointed his administratrix, but marrying shortly there-
after, her letters abated; she afterwards sold and convey-
ed the land, her husband joining in the deed, and recited
therein the above facts, and also procured the written
consent of the ordinary to the said sale.

The defendant filed a plea in abatement, alleging that
a former suit by the same parties, and for the same cause
of action, had been commenced and dismissed for the want
of prosecution, and that this suit had been brought with-
out the payment of costs in that suit.

The general issue and an equitable plea was also filed.
The latter set forth that the land was sold to pay debts
due by deceased, and to maintain the children; that the
ordinary approved the sale, and that the money received
was so used; that it would be inequitable to recover the
land without refunding the same. The defendant prayed
that one-fifth interest in the land be decreed to be defen-
dant's, and that four-fifths be likewise confirmed in him,
or sold, and after paying $400.00 and interest to him, the
remainder be paid over to the plaintiffs.

The plea in abatement was dismissed on demurrer, and
the case was tried upon the remaining pleas. The jury,
under the charge of the court, found four-fifths of the land
for the plaintiffs, and the defendant moved for a new trial
upon the following grounds, in substance—

(1.) Because the verdict was contrary to law and contrary to evidence.

(2.) Because the court sustained the demurrer to defendant's plea in abatement.

(3.) Because the court, after all the testimony was in, ruled out that part of it relating to the payment of the notes of the deceased where they were not produced, or their absence accounted for.

(4.) Because the court erred in charging the jury that they might find four-fifths of the land in favor of the plaintiffs ; whereas the demise being joint, it was necessary to show title in all the lessors.

(5.) Because the court refused to charge the jury that if any of the purchase money were applied to the payment of the debts of Pearson, then the plaintiffs cannot recover the land without reimbursing the defendant, and in charging that before they can be called on to reimburse, it must appear that they had received a year's support from the estate of Pearson, provision for the family for twelve months being preferred in law to all debts against the estate.

Whether the first ground of the motion for a new trial be well taken, depends upon the questions of law made, and whether they were correctly ruled by the court.

1. The plea in abatement rested on section 3446 of the Code, but was not covered by its provisions. To fall under that section there must have been a non-suit by the court, or a dismission, or discontinuance by the plaintiff himself. It is shown by the plea that the former suit was dismissed by the court *for want of prosecution*, and whilst it might well be, it is not included within the grounds requiring the prepayment of costs to entitle a plaintiff to recommence his suit. The demurrer, therefore, was properly sustained. The third ground of the motion may be considered in connection with the fifth.

2. Whatsoever might be held to be the rule as to a joint demise, where the general issue only is pleaded, it is unnecessary in this case to decide, as under our liberal practice

equitable pleas involving other matters than title may be introduced and adjudicated. This very right necessarily abrogates any such common law rule ; therefore, the judge under the pleadings before him committed no error in directing the jury as to their finding

3. The question made in the fifth ground involves the right of one who is wholly unauthorized by law, either as administratrix or guardian, to sell the land in which these minor plaintiffs were interested, and bind them by her contract to respond for debts out of the same, when neither they nor their ancestor were legally represented in such sale.

Our judgment of this conveyance is, that as to the children it is void, neither the mother, her husband nor the ordinary having any legal right to divest that title which the law cast on them in the way in which it was done. And further that they cannot be held to account, under the facts of this case, for any debts illegally paid by one unauthorized to assume such liability for them. There being no error in refusing the motion for a new trial, the judgment is affirmed.

Judgment affirmed.