## SPINKS, trustee, *vs.* GLENN *et al.*

1. The foreclosure of a mortgage is conclusive between parties and privies, and in a subsequent controversy between them evidence is not admissible to go behind the judgment of foreclosure.

2. A mortgage is not void because attested by only one witness.

3. It is bad practice to set out the charge of the court as a whole in the bill of exceptions, divide it into sections, and write on the margin opposite each that it is excepted to.

4. A mistake in a deed will not be corrected so as to oust an innocent purchaser who bought thereunder for value and without notice.

Evidence. Trusts. Mortgages. Practice in Supreme Court. Deeds. Title. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

Spinks, as trustee for his wife and children, brought complaint for land against Cameron as tenant in possession. Glenn, as landlord, became a party. On the trial the following facts, in brief, appeared: In 1862 Spinks made and delivered to himself, as trustee for his wife and children, a written instrument having the general form of a deed of gift, in which he recited that the father of his wife had died, leaving an estate in which she was entitled to share; that it had not been reduced to possession by him; and that he agreed to receive and hold it, when so received, in trust for the benefit of said wife and her children; provided that if he should outlive his wife the property should vest in him. With funds arising from this estate Spinks bought the land now in controversy, and took an ordinary deed to himself as trustee for his wife alone. Desiring to purchase mules to cultivate the land, Mrs. Spinks went to one Mealing and borrowed money from him, giving a mortgage on the land signed by herself and her husband as trustee for her. Glenn became possessed of the mortgage by assignment, had it foreclosed and levied, became the purchaser at the sale, and went into possession. Spinks then brought this complaint for

the land, based on the deed from himself to himself as trustee. On the trial he offered to show payment, in whole or in part, of the debt on which the mortgage was based, that it was made on Sunday, etc. The court rejected his testimony as being too late, after foreclosure, and plaintiff excepted.

Plaintiff objected to the admission of the record of foreclosure in evidence, on the ground that the mortgage was attested by only one witness. The objection was overruled.

The jury found for defendant, and plaintiff excepted, and assigned error on the rulings above stated, and also on certain charges of the court, as stated in the third division of the decision.

J. M. RUSSELL, for plaintiff in error.

W. A. LITTLE; A. A. DOZIER, by brief, for defendants.

JACKSON, Chief Justice.

This was an action of ejectment brought in the statutory form by a trustee for his wife and children to recover a tract of land bought at sheriff's sale of the property under a judgment of foreclosure of a mortgage against the husband and wife. The verdict is for the defendant; there is no motion for a new trial, but error is assigned upon divers rulings of the court on the admission or rejection of testimony and in charging the jury. The bill of exceptions is expanded over great territory, and much of that territory at first glance looks like a wilderness of confusion, as if the purpose of the plaintiff in error had been to procure a new trial, not so much by making errors appear plain, as to make the whole case a labyrinth of uncertainty.

1. Analyzing it as well as we can, it seems that all the rejected testimony was put upon the ground that it should

have been introduced on the trial when the mortgage was foreclosed, and not having been then introduced, that the plaintiff in error was concluded. It will be observed by examining the bill of exceptions and record, the facts of which will be reported, that it was proposed to prove that the mortgage had been paid in part before the foreclosure, that it was made on Sunday, etc., etc. N ) reason is given why these points were not made, and evidence introduced to prove them on that trial, and the case being between this same trustee and defendant here, who was the mortgagee or assignee of the mortgagee, the parties are concluded. It is said, however, that the children were not parties, but the reply is that their trustee was, and the entire legal title is in him. To him they must look.

2. Objection was made by the plaintiff in error to the introduction by the defendant of the record showing the mortgage, petition, judgment of foreclosure, execution, etc., but we see no valid reason to exclude them or either of them. This court has held that a mortgage with but one witness is not void. 51 *Ga.*, 268. It should have been attacked on the issue of foreclosure; that judgment concludes parties and privies. See cases cited at end of opinion.

3. The charge of the court is cut up into segments, and to certain of these segments, amounting themselves to blocks of some size, exception is taken on the margin of the paper on which the bill of exceptions is written. This court has intimated that the practice of cutting the charge into these parts, without copying them and pointing out the particular error complained of, is bad ; 63 *Ga.*, 619 ; but this is worse. The only exceptions are on the margin of the bill of exceptions, while the charge is in the body of it ; so that even if any charge of the court thus excepted to were so erroneous as to require a new trial, for the sake of purity of practice and the decent appearance of the records of a court of record, we should decline to notice such exceptions. These exceptions, too, are in different

Spinks, trustee, *vs.* Glenn *et al.*

ink from the charge which is in the body of the bill of exceptions, while the exceptions, as stated, are all in the margin.

4. But in this case, even if the exceptions could be considered, it would not require a new trial. The verdict and judgment are right, in any and every view of the case.

The defendant is an innocent purchaser for value without notice of the equity of the minors, on whose equity the plaintiff in error relies. That is a secret equity, nowhere on record, nowhere even in writing, but resting in the breasts of the father and mother who made the mortgage, and borrowed the money to buy mules to run the farm which fed the family, the minors included.

It is sought at law, in a complaint for land, to do what a court of equity will never do—to correct a mistake in a deed against a purchaser for value without notice. Code, §3119.

Courts of equity hesitate, in any case, to correct such mistakes, and require strong, unequivocal and decisive proof. Code, §3117.

The proof, in this case, would hardly do, even against one who knew all about the deed and that something was left out; but against an innocent purchaser without any notice, it amounts to nothing. The very people who mortgaged the land, are trying to show that they could not, in law, do it for reasons that nobody but themselves knew. The only claim made of notice is, that defendant was put on enquiry; but where would he enquire? If he looked at the deed, he would see title in the husband for the use of the wife; if he had enquired of the mortgagors, they would hardly have divulged the secret equity which would have prevented the loan of the money; so that he could not have got knowledge, no matter where he looked. Nothing was of record, nothing appeared on the unrecorded deed, and nothing would have been told by the only people who

knew, for they would have been defeated in getting the money, and did say they had the legal right to mortgage.

It was not to pay the husband's debt, but the wife's, according to the evidence; and the mules bought were to run her farm. So that, in every view, the verdict is right and the judgment must be affirmed. The possession of the minors was notice to nobody. They lived with their father, and their possession was his. He is the head of the family.

See Code, §§1753, 1783, 2327, 3092, 3577, 3593, 3962; 7 *Ga.*, 530; 40 *Ib.*, 259; 42 *Ib.*, 95; 60 *Ib.*, 189; 21 *Ib.*, 463; 25 *Ib.*, 330; 62 *Ib.*, 20; 63 *Ib.*, 307; 59 *Ib.*, 69; 61 *Ib.*, 345, cited by defendant in error.

Judgment affirmed.