DWIGHT *et al. v.* FIRST NATIONAL BANK OF
REYNOLDS *et al.*

1. The petition set out an equitable cause of action, and the court did
not err in overruling the demurrer.
   (*a*) An intervenor who desires to be made a party plaintiff must take
   the case as he finds it, and not set up a distinct cause of action.
   (*b*) The petition for intervention in the present case does not set up a
   distinct cause of action.
2. The petition is not multifarious.

No. 4148.   OCTOBER 21, 1924.

Equitable petition.   Before Judge Littlejohn.   Macon superior
court.   November 16, 1923.

The First National Bank of Reynolds filed its petition against
T. H. Dwight and Mrs. Annie Tommie Long, and alleged in sub-
stance the following: On June 8, 1921, T. H. Dwight executed
his promissory note to the plaintiff for the sum of $277.14, payable
October 1, 1921.   Dwight failed to pay the note when due, and
the plaintiff brought suit upon the note in the city court of Ogle-
thorpe, and at the May term, 1922, judgment was rendered for the
plaintiff against the defendant for the principal sum aforesaid, $12
interest, $28.91 attorney's fees, and costs of court; since which time
execution issued for said sums, which have not been paid.   At the
time of the execution of the note Dwight owned valuable farm lands
in Macon and Taylor Counties, aggregating 462-½ acres, the
property being fully described in a deed dated December 5, 1921, a
copy of which is attached to the petition.   On that date Dwight
made a deed conveying all of his real property to his daughter, Mrs.
Annie Tommie Long, the consideration being stated as follows:
"The consideration moving the execution of this conveyance is
that the said Mrs. Annie Tommie Long shall assume and pay off
the above-named loan debts, or incumbrances, on said land; and
that she shall furnish to the said T. H. Dwight support and main-
tenance as long as he shall live."   The loan debts recited in said
deed were $850 on one farm and $2600 on the other farm, making
a total of $3450.   Plaintiff charges that Dwight made a gift of
all of his personal property, consisting of six head of mules and
other perishable property at the time of making the deed to the
realty, for no other consideration than that mentioned in the deed.
Prior to making the gift he made a bill of sale of the six head of
mules to secure a debt to one Johnson of Taylor County, the other

personal property referred to being feedstuff and things of like perishable nature, long since been used up and not now available. T. H. Dwight is now insolvent and has no property subject to said execution.   On account of the transfer of the property as aforesaid, and on account of the title to the personalty having passed out of Dwight for the purpose of securing debts, plaintiff has no adequate remedy at law, and therefore invokes the aid of a court of equity, without which plaintiff will suffer irreparable loss.   Mrs. Annie Tommie Long entered into possession of the above-described property, and has since and now has control of the same, both realty and personalty.   A reasonable price for board and maintenance, such as T. H. Dwight is receiving and such as he needs, is not more than $25 or $30 per month.   The rental value of the conveyed property is reasonably worth $1200 per year.   Mrs. Annie Tommie Long has not paid off the liens, and the only consideration she has complied with is the board and maintenance of T. H. Dwight, who is her father.   The transfer of the property was made by Dwight for the sole purpose of defrauding, hindering, and delaying his creditors, and was wholly without consideration.   The same is therefore void, and should be canceled, and the deed declared to be void and of no effect.   The plaintiff prays, that T. H. Dwight and Mrs. Annie Tommie Long be enjoined from disposing of any of the property as named above, or the proceeds of the same; that the transfer of the personal property be declared void as against this debt; that the deed transferring the real estate be declared void and ordered canceled of record in so far as it affects plaintiff's rights in this case.

Subsequently to the filing of the petition, W. L. McKenzie, as liquidating agent for the Lewis Banking Co., for the use of the Citizens National Bank of Montezuma, Georgia, February 24, 1923, filed an intervention suit and alleged in substance the following: Intervenor obtained judgment against T. H. Dwight in the city court of Oglethorpe on January 24, 1923, in the sum of $525.31, with interest, attorney's fees, and costs, on three certain promissory notes.   Neither the judgment nor any part thereof has been paid. The allegations of the petition are adopted by this intervenor.   The restraining order passed in the original suit was dissolved by the giving of the bond.   Prior to the time the suit in question was filed the Citizens National Bank filed its intervention, alleging an

indebtedness due it by T. H. Dwight on a certain judgment in the sum of $80.16 principal, besides interest, attorney's fees, and costs; and a restraining order thereon was granted. The notes in the instant case, on which the judgment was based, were executed by T. H. Dwight more than a year prior to the date of the deed from himself to Mrs. Annie T. Long. She was in possession of all the property deeded her by her father, T. H. Dwight, as alleged in the original suit. The rental value of the land was $1200 per year. The plaintiff had no way of realizing the money due on the judgment referred to, unless it be realized from the rents and profits of the land and personalty which were voluntarily conveyed to Mrs. Long, in that the liens on the land, as plaintiff was informed, were not yet due, and in equity and good conscience intervenor should not be compelled to pay up these liens for the purpose of levy and sale when there were other judgments of older date than intervenor's judgment. The rents and profits from this voluntarily conveyed land were legitimate assets of T. H. Dwight in so far as intervenor's pre-existing debt was concerned, which assets were subject to the payment of the debt. Mrs. Long was receiving the rents and profits from the property described in the deed, to the detriment and injury of intervenor. None of the money received as rents and profits was being paid in discharge of the judgment which was the subject-matter of the intervention. Intervenor prayed that in the capacity aforesaid he be made a party plaintiff in the cause; that Mrs. Annie Tommie Long be restrained from disposing of or encumbering any of the property described in the deed; that a receiver be appointed to take charge of the property and apply the rents and profits thereof to the payment of the liens as described in the intervention, and all other liens referred to therein which were of prior date. There was also a prayer for general relief.

The defendants filed demurrers general and special, both to the original petition and to the intervention. One of the grounds of the demurrer to the intervention is that there is a misjoinder of parties, in that W. L. McKenzie as liquidating agent for the Lewis Banking Co. alleges "no facts which would authorize him to intervene as a usor for the Citizens National Bank." The court overruled the demurrers, and the defendants excepted.

*Jere M. Moore, R. L. Greer,* and *John M. Greer,* for plaintiffs in error.

*Homer Beeland* and *Robinson & Ford,* contra.

HILL, J. (After stating the foregoing facts.)

1. The petition in this case set out an equitable cause of action, and was not subject to the demurrers. We are also of the opinion that the petition for intervention is not subject to the demurrer, and therefore that the court below did not err in overruling the demurrers to the petition and to the petition for intervention. The cases made by the petition and petition for intervention are substantially the same. The petition for intervention alleges facts with reference to the necessity for the appointment of a receiver, and it also prays for the appointment of a receiver. It is true that an intervenor must take the case as he finds it; but it will be remembered that the original petition had a prayer for general relief in addition to the other prayers, and we are of the opinion that the petition for intervention and the consequent prayer for receiver does not set up such a new cause of action as to render it subject to the demurrer on that account. The main purpose of the petition is to cancel the deed from the father to the daughter, on the ground that such conveyance is fraudulent as against creditors unprovided for. In *Park* v. *Battey,* 80 *Ga.* 353 (5 S. E. 492), it was held that a conveyance of realty and personalty from husband to wife, made in consideration of love and affection, together with an agreement to pay certain debts and maintain him during his life, is fraudulent as against creditors unprovided for, where he retains nothing with which to satisfy their demands, and the value of the property embraced in the conveyance being much more than the amount of preferred debt. In *McKenzie* v. *Thomas,* 118 *Ga.* 728 (2) (45 S. E. 610), it was held: "In an action to set aside as fraudulent an assignment or transfer of property alleged to have been made by an insolvent debtor in trust or for the benefit of one of his creditors, where a benefit was reserved to the debtor, the petition need not allege that the assignee or transferee had notice of the debtor's insolvency at the time of the transfer." In this connection see *Conley* v. *Buck,* 100 *Ga.* 187 (1, 2) (28 S. E. 97); Civil Code (1910), §§ 3224, 4109. By reference to the foregoing statement of facts it will be observed that the deed from T. H. Dwight to Mrs. Long conveying this property reserved substantial rights and benefits to the grantor. It will be remembered also that one of the allegations of the petition is that at the time of this transfer

Dwight was insolvent. In *Ernest* v. *Merrill,* 107 *Ga.* 61 (32 S. E. 898), it was held: "A voluntary deed executed when the grantor is insolvent is void as against existing creditors. Such a deed is likewise void as to creditors, though the grantor be not insolvent at the time of making the deed, if his purpose in so doing is to hinder, delay, or defraud creditors; and this would be true whether the donee knew of the fraudulent intention or not." See *Powell* v. *Westmoreland,* 60 *Ga.* 572; *Beasley* v. *Smith,* 144 *Ga.* 377 (3) (87 S. E. 293).

According to the allegations of the petition, Mrs. Long is in possession of the property, and the rental value of the same is $1200 per year, and $25 or $30 per month is sufficient for the support and maintenance of Dwight; and neither the plaintiff nor the intervenor has any way of realizing the money due on their judgments, unless it be realized from the rents and profits of the land in controversy. It is also alleged that these rents and profits are assets of T. H. Dwight, that Mrs. Long is receiving these rents and profits from the property to the detriment and injury of the plaintiffs, that none of the money received as such rents and profits is being paid on the judgments of the plaintiff and intervenor, and that in order for the plaintiffs to be protected it is necessary to appoint a receiver to take charge of the assets and apply the rents and profits thereof to the payment of the liens as described in the petition, which are of prior date to the conveyance of the property. In these circumstances and under the rulings of this court we are of the opinion that the petition set out an equitable cause of action, and that the court below did not err in overruling the demurrers.

2. There is no merit in the contention that the petition and intervention are multifarious. It has been held often by this court that a bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others; and all persons who are directly or consequentially interested in the event of the suit are properly made parties to a bill in equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the orignial case. *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (3) (75 S. E. 418).     *Judgment affirmed. All the Justices concur.*