MERRITT *v.* GEORGIA CHEMICAL WORKS *et al.*

No. 7000. FEBRUARY 21, 1930.

*Walter Merritt*, for plaintiff in error.

*Q. L. Williford* and *H. W. Dent*, contra.

RUSSELL, C. J. In this case the plaintiff in error challenges the correctness of the judgment of the superior court in holding that the plaintiff in error, who is an attorney at law, had no lien or claim for attorney's fees against the defendant in error. In the court below in the case of Georgia Chemical Works et al. v. Mrs. O. B. Penick et al., L. D. Wallace and C. H. Baldwin were appointed receivers, and made a report in which they asked the allowance of named compensation for each of said receivers, to the amount of which objection was made by the judgment creditors upon the ground that the compensation asked and awarded the receivers was excessive. The plaintiff in error intervened in this proceeding by asking that his lien for attorney's fees be equitably foreclosed against the Georgia Chemical Works, for services rendered by him to said Georgia Chemical Works in the case of Geor-

gia Chemical Works v. L. T. Penick. After a hearing on December 22, 1928, Judge James B. Park of the Ocmulgee Circuit held that the plaintiff in error had no lien or claim for attorney's fees against the Georgia Chemical Works, and that his alleged rights were res adjudicata by the decision of the court rendered September 11, 1928, in the case of Walter Merritt v. Georgia Chemical Works. As stated in the bill of exceptions, "to this judgment of the court and the former judgments dated September 11, 1928, and July 6, 1928, plaintiff in error excepted and now excepts and assigns the same as error on the ground that it was contrary to law, contrary to the evidence, and that it was contrary to the evidence and the law."

Though the record in this case is very voluminous, it is clear, upon careful consideration of the evidence and all of the various pleadings brought up in the record, that the only material features in the case are confined within the compass of a very small circle. In the bill of exceptions it is stated that the issues of law and fact raised by the objections and the intervention of the plaintiff in error were heard by the judge without the intervention of a jury and without the consent of the plaintiff. As to this point, it appears from the record and is stated in the judgments of the court that the hearing was without the intervention of a jury, by consent of all parties; and under a well-settled rule, where there is conflict between statements in the bill of exceptions and those contained in the record, the latter must prevail. Furthermore, the hearing of the present petition to fix fees is a mere continuation of the original equitable petition of Georgia Chemical Works et al. v. Penick et al., and is a part of it; and it appears from the judgment rendered in this case, September 11, 1928, that "this court by consent of the parties is passing upon all questions of law and fact." Intervenors take the case in the condition in which they find it when they intervene.

It will be noted that the plaintiff in error excepts to the former judgments rendered on July 6, 1928, and September 11, 1928, as well as to the judgment rendered by the court at the December term, 1928. The attempt to review the judgments of July and September, 1928, is futile; for, as appears from the record, no exceptions pendente lite were filed and the exceptions came too late, both the June term at which the judgment of July 6 was

rendered, and the September term at which the judgment of September 11, was rendered, having long since adjourned. Therefore, in the state of the record, we can only treat the case as one in which our inquiry must be confined to the question whether the court sitting as a court and jury was authorized by law and evidence to find and adjudge that the plaintiff was entitled to no lien or compensation by reason of the allegations of his intervention and the evidence in the case. To repeat the language of the bill of exceptions, the court "held that his rights were res adjudicata by" named prior decisions already referred to. It is true that the defendant did not file a formal plea of res adjudicata in the technical way prescribed by law; but since it appears from the record that the court (even though there was no formal plea) had before him all the pleadings and orders and judgments in the two prior adjudications, all of the circumstances were before the court (sitting as judge as well as jury) which were requisite to enable him to determine the issue whether the proceeding last before him was identical with that involved in the two previous proceedings. It is evident also, from a review of the evidence introduced in the trial of the case now before us, that the judge was very painstaking and diligent in seeing that all of the evidence which could elucidate the question of the right of the plaintiff in error to the compensation he sought should be adduced. Furthermore, it is plain from the additional provision with which the trial judge supplemented his judgment, making clear the rights of the plaintiff in error to actually receive the commission of ten per cent. upon a note for $1372.03, which he therein required to be paid to the petitioner upon the note of Eubanks which had been accepted by the judgment creditors in lieu of cash, that the judge proceeded with care in every step of this most prolonged investigation. As the judge in this instance occupied the position of jury as well as judge, we can not say that he erred in allowing the plaintiff only a commission of ten per cent. upon the sums collected by him, in view of the conflict in the evidence upon this point, inasmuch as the defendant introduced a letter from the plaintiff in error stating that he would undertake the collection of the claim for that amount, and the evidence shows that with the $500 previously paid him by order of the court and the $54.27 paid to his attorney, M. C. Few, he will have received, when the collection is completed, more than this ten per cent. on all the funds received by the Georgia Chemical Works.

. As to the claim of a fee of $40 for services in obtaining a judgment in favor of the Georgia Chemical Works v. L. T. Penick on open account in the city court of Madison on January 17, 1925, the court in his judgment in this case says: "It will be seen that no execution has ever been issued on said judgment, and . . said judgment is still in his control, from the evidence in this case rendered orally and also from the record evidence introduced in the trial before me. If Mr. Merritt can realize any money on said judgment or if any should be realized in the future by the Georgia Chemical Works, then the said Hon. Walter Merritt could call on it for his legal fees in his said judgment on open account. However, until some money is collected on said execution, . . the attorney of record in said suit would have no legal claim against the Georgia Chemical Works for fees in said case, either in this proceeding or any other proceedings against the Georgia Chemical Works." In this decision as to fees for services in the suit upon account in the city court of Madison not being entitled to participate in the distribution of funds coming into the court in the proceeding now before us, we concur in the judgment of the lower court.

*Judgment affirmed. All the Justices concur.*