CARR, executrix, *v.* AUGUSTA GROCERY COMPANY; *et vice versa.*

Nos. 11481, 11482. November 12, 1936.

*Lee, Congdon & Fulcher,* for plaintiff.
*Cumming, Harper & Nixon* and *Curry & Curry,* for defendant.

BECK, Presiding Justice. This petition was brought by Mary Lou Carr as executrix of the estate of Charles D. Carr, deceased, against Augusta Grocery Company, for injunction and other relief. The plaintiff alleged as follows: As executrix she is the owner and in possession of a described tract of land fronting 45 feet on McIntosh or 7th Street, in Augusta, and extending eastwardly, of uniform width, to the right of way of the Southern Railway, or the Augusta & Summerville Railroad, being warehouse property duly conveyed to her testator, C. D. Carr. On March 16, 1892, this property was sold by Lee & Bothwell to Henry T. Fleming, under a bond for title, followed by deed executed on October 17, 1894. On August 5, 1895, it was conveyed by Fleming to petitioner's testator. The bond for title contained the following provision, after the granting clause: "Together with the full and free use of the railroad-tracks leading up to said lot or parcel of land, through and over the property of said Lee & Bothwell, for the purpose of hauling freight and other goods to and from the premises hereby conveyed, and together with the full and free right of way over and the use of a strip of land 40 feet wide immediately north of the warehouse of 'said Vannerson & Fleming, leading out into McIntosh Street, and running east about 100 feet to and including the large door of said warehouse on its northern side. Said use and right of way to be free and continuous to said Fleming, his heirs and assigns, forever." While the deed executed thereafter by Lee & Bothwell, conveying this same property to Fleming, did not contain the above-quoted provision, nevertheless the deed from Fleming, executed on August 5, 1895, conveying this tract of land to petitioner's testator, contained the following provision after the granting clause: "Together with the full and free use of the railroad-track leading up to said lot or parcel of land, through and over the property of said Lee & Bothwell, for the purpose of hauling freight to and from the premises hereby conveyed, said use to be continuous as conveyed to said Fleming by Lee & Bothwell." Petitioner alleges that her testator constructed, and she is now in possession of, a receiving or shipping platform described in the petition as serving the large door on the north side of the warehouse property of petitioner, opening on to the areaway or court owned formerly by Lee & Bothwell and now by Augusta Grocery Company, and that for the past forty

years her testator and his associates have used said platform for the purpose of receiving and delivering freight to and from said warehouse, and have enjoyed the full and free use of said areaway or court, in common with other owners and tenants of adjoining warehouse property, "all as created and conveyed under said original bond for title from said firm of Lee & Bothwell;" that petitioner's testator has enjoyed and used throughout said period easements for light and air for the windows and cellar openings on the north side of said warehouse property, and has been in actual, open, adverse, and continuous possession of the platform, and made free, open, and continuous use of the areaway or court as a matter of right from time to time since C. D. Carr acquired the warehouse property; and when the areaway or court was paved for the advantage and benefit of the adjoining owners entitled to use the same, he paid his pro rata part of such improvements, and for a period of many years the cost of lighting said court was apportioned among the parties using the same.

The deeds above referred to, conveying a portion of what was known as the triangular block, were duly recorded, and were of record when, on October 11, 1900, Lee & Bothwell conveyed to the Augusta Grocery Company the portion of the triangular block then remaining, including the areaway or court bounded south by the property of petitioner's testator, without mention of the servitude theretofore imposed by Lee & Bothwell; but petitioner alleges that the existence of the easement in favor of C. D. Carr and his predecessor, successors and associates, was well known to said Lee & Bothwell and its general manager and members of the firm. Having negotiated a lease of this warehouse, her prospective tenant was advised by the Augusta Grocery Company that neither C. D. Carr nor his estate held or enjoyed any manner of right, title, or interest in or to said court, or areaway, or the platform serving the large door on the north side of the warehouse property, and the Augusta Grocery Company proposed immediately to remove the platform and the protective shelter thereover, and is unlawfully proceeding to tear the same away, including the substantial masonry pillars supporting the same. Petitioner prays that the defendant and its agents and employees be enjoined, and that she be awarded damages, and other relief.

On the trial the jury rendered a verdict in favor of the defend-

ant. The plaintiff's motion for new trial was overruled, and she excepted. In the motion it was alleged that under the evidence a verdict for the plaintiff was demanded; and that the court erred in excluding from the evidence a certified copy of the bond for title referred to above, the original being lost, and erred in refusing requests to charge as follows: (a) "Where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severance of ownership such servitude is in use and is reasonably necessary for the fair enjoyment of the other, then, although the severance is by voluntary alienation, the use is continued by operation." (b) "Where the owner of property grants and conveys away a part of it as that part is then used and enjoyed, there will pass to the grantee all those continuous and apparent easements which are necessary to the reasonable enjoyment of the property granted, and which are at the time of the grant used for the benefit of the part granted and conveyed." (c) "The right of private way over another's land may arise from express grant; or from prescription by seven years uninterrupted use through improved lands, or 20 years use over wild lands; or by implication of law, when such right is necessary to the enjoyment of lands granted by the same owner." (d) "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." The plaintiff assigned error also on certain instructions in charge of the court to the jury, hereinafter stated.

■ Error is assigned upon the court's ruling "excluding from evidence the certified copy of the bond for title from Lee & Bothwell, John C. Lee, and James T. Bothwell to T. Henry Fleming, dated March 16, 1892, recorded April 4, 1892; . . notwithstanding the fact that plaintiff offered to prove that the firm of Lee & Bothwell had been dissolved thirty or thirty-five years, Mr. Lee has been dead since 1917, Mr. Bothwell has been dead since 1910, the two witnesses, W. J. Hollingsworth and John D. Sheahan, notary public, are both dead, and the original bond for title is not available." This copy of the bond for title was properly excluded from evidence, because the party executing it subse-

quently thereto executed a deed to the grantees in the bond for title, and consequently the bond for title and the contract embodied therein were merged in the deed. If there were provisions and stipulations in the bond for title which should have appeared in the deed, and such provisions and stipulations were omitted by mistake, or for any other cause cognizable in equity, the plaintiff should have prayed for a reformation of the deed to make it conform to the bond for title.

■ Error is assigned upon the following instruction to the jury: "I charge you, if the plaintiff has any right here, she has it by prescription." Under the pleadings and the evidence the court did not err in giving this charge; for under the evidence there was no basis for the contention of the plaintiff that the right of user of a certain doorway, delivery platform and alley, areaway or court, was established by consent or agreement before the deed from the common grantor.

■ Nor did the court err in charging the jury as follows: "Permissive possession—now when I claim the right and I permit you to use a piece of land, or what not,—permissive possession can not be the foundation of prescription until an adverse claim and actual notice to the other party. If I permit you—of course you see that —to use an alley or what not that belongs to me, you couldn't found a title by prescription on that until you notify me that you are holding it adverse to me and so on, and hostile to me. The prescription would run from that date."

■ Under the facts of the case the court properly gave to the jury the following principle of law: "I charge you that unless there was at the time of such deeds being executed an easement already in existence, none was created by those deeds. When in a deed you convey the easements, ways, rights, and so on, that is, provided that one existed at the time. It don't create them by merely putting those in the deed. In other words, for the deeds to convey an easement that easement had to be in existence at the time the deed was executed."

■ The court also properly instructed the jury that there was no presumption that the mere use of the property in question was adverse or hostile to the owner of the other property merely because it had been used continuously for twenty years or more, but in order for the plaintiff to recover she must carry the burden of

showing by evidence, other than the evidence of actual use, "that there was a claim to the use of this property which was adverse and hostile to the owner of the land over which the right of way was claimed." This is true because, if the original use of the areaway in question by the plaintiff or her predecessor in title was by permission only, then there would be no adverse use of this areaway until this use ceased to be permissive and became hostile to the rights of the party owning the property now owned by the Augusta Grocery Company, and notice of such hostile claim was given to the owner of the property. The expression "hostile" claim, used in this charge, was used in the sense of "adverse" claim.

■ In view of these rulings upon the court's charge, the court did not err in refusing the requests to charge as set forth above, as they presented a theory different from that submitted in the charge as given.

■ The jury would not have been authorized to find that the way claimed was a way of necessity.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur except Russell, C. J., and Atkinson, J., who dissent.*