19969. COX *v.* ZUCKER *et al.*

ARGUED JANUARY 16, 1958—DECIDED MARCH 7, 1958—
REHEARING DENIED MARCH 21, 1958.

Buchanan, Edenfield & Sizemore, Newell Edenfield, Allen Post, for plaintiff in error.

Robert W. Spears, William G. Grant, James C. Grizzard, contra.

DUCKWORTH, Chief Justice. █ There is an enormous amount of space, both in the bill of exceptions and in the briefs of counsel, devoted to the presentation and argument as to whether or not the judgment denying a prayer for an interlocutory injunction, unexcepted to, became the law of the case, controlling or affecting the final judgment. In *City of Atlanta* v. *First Methodist Church*, 83 *Ga.* 448, 450 (10 S. E. 231), this court said: "It has been said that the decision of the superior court upon an interlocutory decree by the judge of that court, is not final, and is not conclusive between the parties when the case comes up for final hearing; but when the decision of the inferior tribunal in an interlocutory proceeding is brought to this court, and the whole case is before this court as to whether, under the law, an injunction or receiver or anything of that sort should be granted or refused, and this court determines, upon the whole law of the case, that the injunction shall be granted or refused, that is a final adjudication of the case. It is not interlocutory as to this court. It is interlocutory as to the superior court, because the judge of that court may or may not grant an injunction, according to his discretion. The facts may be in controversy, and various things may occur which would make it proper to award or refuse it in the first instance." That case was followed or adhered to in *Ingram* v. *Trustees of Mercer University*, 102 *Ga.* 226 (29 S. E. 273); *Atlanta Trust &c. Co.* v. *Nelms*, 119 *Ga.* 630 (46 S. E. 851); *Collins* v. *Carr*, 116 *Ga.* 39 (42 S. E. 373); *Georgia Ry. &c. Co.* v. *Town of Decatur*, 153 *Ga.* 329 (111 S. E. 911); *First Nat. Bank of Dub-*

*lin* v. *Colonial Fire Underwriters' Ins. Co.,* 160 *Ga.* 166 (127 S. E. 455) ; *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369) ; *Elyea, Inc.* v. *Cenker,* 184 *Ga.* 179 (190 S. E. 585) ; *Dollar* v. *Fred W. Amend Co.,* 189 *Ga.* 654 (7 S. E. 2d 258). In each and every one of these cases there was involved an interlocutory judgment that had been reviewed by the Supreme Court, and in each it was clearly shown that it was the rulings of the Supreme Court that constituted the law of the case. In *Collins* v. *Carr,* 116 *Ga.* 39, 41, supra, it is said: "If the judgment [*one affirmed by the Supreme Court*] is not based upon pure questions of law but upon questions of evidence or of law and evidence, it is not binding or controlling upon the final hearing, unless the proof be the same as at the interlocutory hearing." It was further said in that opinion with reference to the judgment there that "This judgment was, therefore, not binding upon the court or the parties at the final hearing, although affirmed by this court, unless the jury should from the evidence before them reach the same conclusion as had been reached by the judge at the interlocutory hearing." This last-quoted ruling should put forever at rest any doubt but that the judge's construction of the evidence in no way impairs the jury's right to make its own construction although that construction is entirely different from that of the judge.

To fortify our present ruling that an interlocutory judgment granting or denying an injunction if unexcepted to is not the law of the case other than as to whether or not an interlocutory injunction should be granted, we quote from the decision in *Atlanta Trust &c. Co.* v. *Nelms,* 119 *Ga.* 630, supra, as follows: "A judgment of a trial court refusing an injunction, when the same depends entirely upon a question of law, is *upon its affirmance by the Supreme Court,* while not a final judgment in the case, a final adjudication of such question . . . This rule is however, not applicable unless the judgment is based entirely upon a question of law." (Italics ours.) We believe the description of an interlocutory judgment in *First Nat. Bank of Dublin* v. *Colonial Fire Underwriters' Ins. Co.,* 160 *Ga.* 166, supra, (headnote 1c), aids greatly in understanding why such unexcepted-to interlocutory judgments are not binding on the final trial. It is there said: "A judgment to be the basis of res adjudicata must be final in its nature; and the order appointing a

receiver and granting an injunction is wholly provisional, preliminary, preparatory, and looks to a future and final hearing more deliberate, solemn, and complete than the one resulting in such appointment and interlocutory injunction; and while contemplating what the result of that hearing may be, it by no means settles what it shall be. *National Bank* v. *Printup* [63 *Ga.* 570]."

Although obviously obiter dicta, it was said in *Sumner* v. *Sumner*, 121 *Ga.* 1 (7) (48 S. E. 727): "It would be otherwise if the decision had been based upon a question of law unmixed with any question of fact." And at page 11, "The trial judge or the Supreme Court can settle the law of the case for all time . . . No decision which the judge may make on a discretionary matter will be binding in subsequent litigation, but only such decisions will be res adjudicata as relate to questions of law unmixed with any issue of fact." At page 10 it is clearly shown that all the above-quoted statements are based upon *Collins* v. *Carr*, 116 *Ga.* 39, 41, supra, which deals with an interlocutory judgment affirmed by the Supreme Court.

There are a number of reasons why the statements above quoted from *Sumner* v. *Sumner* are not binding here. First of all, the opinion shows that this court was not dealing with an interlocutory judgment based upon law, and it ruled that the judgment there under consideration was not res adjudicata because it was not pleaded and was also based upon facts. Secondly, the opinion does not have the concurrence of all the justices, Cobb, J., being disqualified. And thirdly, the jurisdiction on the interlocutory hearing was limited to the interlocutory matter stated in the rule to show cause; and had the judgment recited that it was permanently adjudicating the rights of the parties on the matter of alimony, the permanent feature would have been shown on the face of the record to be void for want of jurisdiction.

So it is with a temporary (not permanent) injunction. The very order for the hearing confines the case to be decided exclusively to a temporary, not permanent or final judgment, not as to what the rights of the parties shall be when duly tried, but solely as to whether or not the status of the parties will be ordered until a trial of their rights can be had. On that hearing

the judge may be guided by any consideration or opinion he may have, whether such reasons are or are not sufficient to justify his judgment. If insufficient on appeal, the Supreme Court reverses when appealed from; but if no appeal is taken, his judgment amounts to no more than the fact that he did or did not maintain the status quo. We often rule when on review that the evidence did not authorize the judgment and reverse it because it was an abuse of discretion. No member of this court can ever know whether such a judgment is based upon law or arbitrarily rendered when it has not been reviewed. Litigants should not be forced to suffer loss because of judgments that show on their face they were beyond the jurisdiction of the judge rendering them. On such hearings the judge may be prompted to render his judgment because of his opinion of the law or the facts, but it is his judgment rendered within his jurisdiction, and never his reasons therefor, that constitutes res adjudicata.

Counsel for the plaintiff in error strongly rely upon *Sandersville R. Co.* v. *Gilmore*, 212 *Ga.* 481 (93 S. E. 2d 696). It is true the majority of this court, after citing most of the cases hereinabove cited, all holding that when the interlocutory judgment based completely upon a pure question of law had been affirmed by the Supreme Court, it became res adjudicata, then made the ruling, never theretofore ruled by this court, that, based upon the principle ruled in the cited cases, an interlocutory judgment denying the prayer for an injunction, not excepted to, was a controlling adjudication that barred a permanent injunction upon the final trial. At first thought, the deduction from the cited cases appears logical. But it obviously misconceives the nature and extent of such an interlocutory judgment. The solitary judgment sought or authorized at the interlocutory hearing is the grant or denial of the injunction. The judgment when on review, if supported by controlling law, is affirmed by this court by so ruling on the law, and thereupon and thereby this court makes the ruling that causes the judgment to become res adjudicata.

Therefore, we disapprove the ruling in *Sandersville R. Co.* v. *Gilmore*, 212 *Ga.* 481, supra, that the interlocutory judgment denying an injunction, unexcepted to becomes res adjudicata, controlling on the final trial. Affirmance by the Supreme Court is

an indispensable prerequisite before the interlocutory judgment can control the case on final hearing.

This case demonstrates the wisdom in the rule as repeatedly held by this court. This record contains 38 pages consisting entirely of evidence on the interlocutory hearing and an opinion written by the judge in which numerous conclusions are reached by him. And while the judge who presided on the final trial approved the bill of exceptions containing that evidence, he did not preside at the interlocutory hearing, and the judge who did preside has not approved the evidence. The questions urged would require this court to compare the interlocutory evidence as thus approved with the brief of evidence introduced upon the final trial. Absence of the rule would impose this burden and require consideration of evidence which the judge who heard it has not approved.

■ The contention of the plaintiff in error, that he is entitled to reform his deed because of mutual mistake, is without any merit whatever, since it is shown that the intervenor acquired her title subsequently to that deed and is an innocent purchaser without notice of such mistake. Code § 37-111; *Boardman* v. *Taylor*, 66 *Ga.* 638; *Kilpatrick* v. *Strozier*, 67 *Ga.* 247; *Spinks* v. *Glenn*, 67 *Ga.* 744; *Williams* v. *Smith*, 128 *Ga.* 306 (57 S. E. 801).

■ There is evidence by Cox that Zucker on different occasions orally consented to his use of the driveway. But there is not a scintilla of evidence that Mrs. Robertson, the owner of an undivided one-half interest in the Zucker land and the Zucker interest in the driveway, ever consented or even mentioned such use by Cox. In addition, a mere parol license is revocable at will if the licensee has not incurred expenses in executing it. Code § 85-1404. The mere fact that a licensee erects improvements upon his own land and thereby incurs expense in the expectation of enjoying the license would not be such expenditure as would make the licensee a purchaser for value and the license irrevocable. 86 C. J. S. 515, § 108; *Sewell* v. *Holland*, 61 *Ga.* 608; *Fluker* v. *Georgia R. & Bkg. Co.*, 81 *Ga.* 461 (8 S. E. 529, 2 L.R.A. 843, 12 Am. St. R. 328); *Miller* v. *Slater*, 182 *Ga.* 552 (186 S. E. 413); *Tift* v. *Golden Hardware Co.*, 204 *Ga.* 654 (51 S. E. 2d 435). There is no evidence of expenditures here, except the erection upon his own land by Cox of a building and $200

for repairing the driveway in 1953, all of which is insufficient to render a parol license even if given by both the owners irrevocably.

■ The contentions of the plaintiff in error that he had acquired a prescriptive right to use the driveway in question for ingress and egress to and from his building at the end thereof fails for the following reasons: Use alone is insufficient to acquire prescriptive title. It must be kept open and in repair for seven years. *First Christian Church at Macon* v. *Realty Inv. Co.*, 180 *Ga.* 35 (178 S. E. 303). The case just cited plainly states that keeping open and repairing are essential to constitute required notice to others. In *Carr* v. *Augusta Grocery Co.*, 183 *Ga.* 346 (188 S. E. 531), this court approved a charge which required the claimant by adverse possession to do some act that would notify the owner that the claimant is holding adversely, and that prescription would run from the date of such notice. Cox was authorized by his deed from Zucker to improve, and acting jointly with Zucker did pave the 15-foot easement conveyed by that deed for ingress and egress to and from the land conveyed by that deed. The repairs thereon in 1953, even if readily and completely identifiable as an act based upon an adverse claim, would lack the 7 years thereafter to ripen into prescriptive title. The sweeping and other minor acts are consistent with the written easement in the deed. *First Christian Church at Macon* v. *Realty Inv. Co.*, 180 *Ga.* 35, supra. The evidence is insufficient to authorize a finding in favor of the defendant on his claim of prescriptive right.

■ It is contended that Mrs. Robertson, as intervenor, takes the case as she finds it, and if the main case fails she must suffer a like fate. This contention is based upon *Atlanta & C. Ry. Co.* v. *Carolina Portland Cement Co.*, 140 *Ga.* 650 (79 S. E. 555), and *Smith* v. *Manning*, 155 *Ga.* 209 (116 S. E. 813). The rule invoked applies to the pleadings, and if the petition alleges no grounds for the equitable relief, then the intervention must go out with it. But that rule can not be applied here, where the petition does allege grounds for the relief sought, and so does the intervention. But the evidence in support of the defendant's plea of estoppel, though enough to estop the petitioner, is wholly insufficient to estop the intervenor. The intervenor who proves

his case—which proof is not refuted as in the case here—will not be denied the relief because the evidence shows that the petitioner must be denied the relief he sought because the evidence shows he is estopped. While, under Code § 38-116, *Sheffield* v. *Collier*, 3 *Ga.* 82, *Southern Marble Co.* v. *Darnell*, 94 *Ga.* 231 (21 S. E. 531), *Wood* v. *Macon & B. R. Co.*, 68 *Ga.* 539, *Holt* v. *Parsons*, 118 *Ga.* 895 (45 S. E. 690), *Whipkey* v. *Turner*, 206 *Ga.* 410 (57 S. E. 2d 481), *Head* v. *Crouch*, 207 *Ga.* 648 (63 S. E. 2d 647), and many other decisions, Zucker might be found by the jury to be estopped to complain of the use of the driveway in question; yet his cotenant, Mrs. Robertson, who is not shown to have had the slightest notice or knowledge of the erection by Cox of his building, is not estopped. *Bosworth* v. *Nelson*, 170 *Ga.* 279 (152 S. E. 575); *Owen* v. *Miller*, 209 *Ga.* 875 (76 S. E. 2d 772); 31 C. J. S. 363, § 114. To acquire the right to use this land by estoppel, it is essential that all persons owning an interest therein be estopped. In the absence of estoppel against the cotenant Mrs. Robertson, an estoppel against the cotenant Zucker would not enable Cox to lawfully use the easement.

"A tenancy in common may exist in every species of property, real, personal, or mixed, corporeal or incorporeal." 14 Am. Jur. 89, § 19. Again, in the same volume at page 158, § 91, it is said: "Since tenants in common have several and distinct titles and estates, it is very generally held that the statute (limitations) may run against the interest of one of them without affecting the rights of the others." This court in *Settle* v. *Alison*, 8 *Ga.* 201 (52 Am. D. 393), was dealing with a case where eight children sued for a slave willed to them after another had a life estate therein. The court charged the jury that they could find a verdict in favor of such plaintiffs as they might believe not to be barred by the statute of limitations, and against those whom they might believe to be barred by the statute. This court (at p. 207) approved the charge in the following language: "It appears from the record, that some of the plaintiffs had been of age long enough to be barred by the Statute, and that some of them had not been of age a sufficient period of time, for the Statute to operate as a bar. The charge of the Court was in accordance with the rule established by this Court, in Thornton *v.* Jordan [7 *Ga.* 517], decided at the last term in Milledgeville,

and, therefore, constitutes no ground of error. It appears from the record, that the Jury found a verdict for four of the plaintiffs only, and did not find a verdict either for or against the other four—there being eight plaintiffs. The Jury ought to have returned a verdict, under the charge of the Court, in favor of such of the plaintiffs as were not barred by the Statute of Limitations, and against those who were barred by the Statute."

What more convincing law could be cited to support our ruling here? Here, as in the *Settle* case, tenants in common sued; and here, as there, the evidence showed they had a good case; but here, as there, the evidence showed some plaintiffs not entitled to recover, not because any of them lacked originally a lawful title, but solely because of an equitable bar. There, statute of limitations; here, estoppel; but in both cases some plaintiffs were not barred, and the ruling there, allowing such plaintiffs to recover, demands a ruling here that the plaintiff, Mrs. Robertson, who is clearly not barred, be allowed the relief sought. The decisions in *Atlanta & C. Ry. Co.* v. *Carolina Portland Cement Co.,* 140 *Ga.* 650, supra, *Smith* v. *Manning,* 155 *Ga.* 209, supra, and also *Merritt* v. *Georgia Chemical Works,* 170 *Ga.* 153 (152 S. E. 246), and *Manning* v. *Wills,* 193 *Ga.* 82 (17 S. E. 2d 261), holding that an intervenor takes the case as he finds it, and *Jackson* v. *Taylor,* 169 *Ga.* 300 (150 S. E. 156), holding that the dismissal of the main case carries the intervention out of court with it, have no semblance of relevancy or application in this case. Here, the petition alleged a perfectly good cause of action and was not dismissed, either voluntarily or involuntarily; and it carried the case through a trial to the verdict of a jury. It would be a dangerous thing if the rule announced in the cited cases, which applied to and was intended to apply only to the pleadings, was judicially and arbitrarily extended to apply to the evidence and the ultimate outcome of the case. Should such fallacious rule be adopted, only a fool would ever intervene because it would cause the fate of his cause to depend not alone upon the proven justice of his cause but also upon the inability of the petitioner to prevail, not because he failed to prove his case as pleaded, but because the defendant proved the plaintiff was guilty of conduct which estopped or barred him from recovery.

The intervention is to the petition what a trailer is to the truck

to which it is attached. Obviously, if for any reason, whether voluntarily or involuntarily, on the part of the operator of the truck, it is stopped short of the destination, the attached trailer, being without power of its own, must stop also. But where, as in this case, they both move uninterrupted to the ultimate destination, the trailer arrives safely and is no longer dependent upon the truck. Just because the driver of the truck is not allowed to see the show because of past misconduct is no reason for excluding the operator of the trailer who produces a perfectly valid ticket to the show.

While the evidence is enough to make an issue of fact as to whether or not Zucker is estopped—and,it was error to direct a verdict in favor of Zucker, and this requires a reversal as to Zucker; yet the evidence demanded the verdict in favor of Mrs. Robertson, the intervenor, and the direction of a verdict for her is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur except Wyatt, P. J., and Almand and Mobley, JJ., who dissent.*

HEAD, Justice, concurring specially. A tenant in common may maintain an action in ejectment for the recovery of land, or for damages, without joining the cotenants, but the judgment shall not affect cotenants who are not parties. Code § 33-103.' A tenant in common may enjoin recurring trespasses without joining his cotenants. *Camp* v. *Garbutt Lumber Co.,* 129 *Ga.* 411 (58 S. E. 870).

In the present case the intervention of Mrs. Robertson was duly allowed (without objection), and she became a party plaintiff. The common-law rule, that all plaintiffs must recover or none can, does not prevail in an equitable action pertaining to land. *Rumph* v. *Truelove,* 66 *Ga.* 480 (2); *Milner* v. *Vandivere,* 86 *Ga.* 540 (12 S. E. 879); *Bigham* v. *Kistler,* 114 *Ga.* 453 (40 S. E. 303); *Ivey* v. *Cowart,* 124 *Ga.* 159, 164 (52 S. E. 436, 110 Am. St. R. 160); *Happy Valley Farms* v. *Wilson,* 192 *Ga.* 830, 835 (16 S. E. 2d 720).

The rulings stated in *Smith* v. *Manning,* 155 *Ga.* 209 (116 S. E. 813), *Dwight* v. *First Nat. Bank of Reynolds,* 159 *Ga.* 188 (125 S. E. 62), *Jackson* v. *Taylor,* 169 *Ga.* 300 (150 S. E. 156), *Merritt* v. *Georgia Chemical Works,* 170 *Ga.* 153 (152 S. E. 246),

and *Manning* v. *Wills*, 193 *Ga.* 82 (17 S. E. 2d 261) are not in any instance related to an action pertaining to land by tenants in common. These and all similar cases have no application to the facts in the present case, and are not authority to sustain a ruling that Mrs. Robertson could not maintain her equitable action because the evidence might be sufficient to show that Zucker (having alleged a good cause of action) was estopped by his own acts and conduct, and for this reason was not entitled to the relief sought.

There was no evidence that Mrs. Robertson had participated in any act that would bar her rights, and since the common-law rule, that all plaintiffs must recover or none can, does not apply in this case (see *Milner* v. *Vandivere*, 86 *Ga.* 540, supra), the directed verdict was proper as to her.

ALMAND, Justice, dissenting. I dissent from the rulings in headnotes 2, 3, and 4 and the corresponding divisions of the opinion and from the judgment of affirmance.

Zucker, by his equitable petition, alleging himself to be the owner of a described tract of land, sought to restrain Cox from using the driveway between his property and that of Cox as a means of access to a loading platform of a warehouse of Cox, located at the east end of the driveway. Ten months after Zucker filed his petition, Mrs. Bobbie C. Robertson filed her petition for intervention in the case, in which she alleged that "inadvertently she was not named as a party plaintiff in said proceedings, even though she is a tenant in common with the said John Edmund Zucker in the real property" described in the petition, she having acquired a one-half undivided interest in the property on July 5, 1947. She adopted "the allegations set forth in the original petition the same as if she had been a party when the same was filed . . . and seeks the same relief against the defendant as if prayed for in the original petition." She prayed for no separate or independent relief. The intervention was filed by the same attorneys who represented Zucker. Subsequently, an amendment to the petition was filed jointly in the names of both parties. At the trial of the case, on the issue of whether the plaintiff Zucker was entitled to a permanent injunction, a joint verdict was directed in favor of the plaintiffs and a decree was entered upon this verdict.

The majority opinion in effect holds that, though the evidence is sufficient to show that Zucker is estopped by his acts and conduct from asserting that the defendant is not entitled to use the driveway, it was error to direct a verdict in favor of Zucker; but since the evidence was insufficient to show that the *intervenor* was estopped, an injunction in favor of Zucker *and the intervenor* against the defendant was demanded by the evidence. We thus have an anomalous result, whether Mrs. Robertson is treated as an intervenor or as a full party coplaintiff, of a verdict being directed *for* a party where it is ruled that as a matter of law he *is not entitled* to a verdict. If Zucker now acquires the interest of Mrs. Robertson in the property now jointly owned, and Cox attempts to use the driveway, he will be met with a plea of res adjudicata.

From the time Mrs. Robertson came into the case, she has been referred to and treated as an intervenor. The majority so treat her. She sought no relief other than that sought by Zucker, and adopted the allegations and the prayers of Zucker's petition. Her right to any relief was dependent upon Zucker's right. This court has repeatedly held that an intervenor in an equity suit takes the case as he finds it and cannot establish equities in his own behalf by intervention where the original petition in the case in which he intervenes does not allege an equitable cause of action. *Smith* v. *Manning,* 155 *Ga.* 209(4) (116 S. E. 813); *Merritt* v. *Georgia Chemical Works,* 170 *Ga.* 153 (152 S. E. 246); *Dwight* v. *First Nat. Bank of Reynolds,* 159 *Ga.* 188 (125 S. E. 62); *Manning* v. *Wills,* 193 *Ga.* 82(4) (17 S. E. 2d 261). The voluntary or involuntary dismissal of the main case would carry with it the intervention. *Jackson* v. *Taylor,* 169 *Ga.* 300(1) (150 S. E. 156). The mere fact that the case goes to trial on the merits of the main case does not change the status of the intervenor. Her right to relief is still dependent upon the plaintiff in the main bill proving his right to the relief sought. A nonsuit granted against the main plaintiff would carry with it the claim of the intervenor. Where one (an intervenor) chooses to ride on a horse (the petition) driven by another (the plaintiff), he cannot, when the driver is dismounted (fails to prevail), take the reins and ride to his own destination. A motion for a directed verdict is somewhat in the nature of a general demurrer to the

sufficiency of the evidence to authorize a recovery for the plaintiff. It seems clear that if Zucker was not entitled to a verdict in this case, it necessarily follows that the intervenor must suffer the same fate.

Even if it be assumed that Mrs. Robertson occupies the status of a coplaintiff, if Zucker cannot prevail, then neither can she for the reason that she is a tenant in common with Zucker, and when she came into the case the action became a joint one. One of them not being entitled to recover, a verdict for both parties would be contrary to law. *DeVaughn* v. *McLeroy*, 82 *Ga.* 687(6) (10 S. E. 211); Jefferson Fertilizer Co. *v.* Rich, 182 Ala. 633 (62 So. 40). It being conceded that it was error to direct a verdict for Zucker, it follows from the view that I entertain that it was error to direct a verdict in favor of the intervenor.

I am authorized to state that Wyatt, P. J., and Mobley, J., concur in this dissent.

ALMAND, Justice, dissenting addendum. The foregoing dissent was written and filed to the original opinion of the majority. On the hearing of the plaintiff's motion for a rehearing, the original opinion was revised as to one division (division 5), and the judgment of this court was changed from one of affirmance in toto to a judgment affirming in part and reversing in part the judgment of the trial court. The revised opinion holds that the verdict directed in favor of the intervenor is affirmed and the direction of a verdict in favor of Zucker is reversed. I now dissent from the ruling in headnote 5 and the corresponding division of the opinion, and from the judgment affirming the order directing a verdict in favor of the intervenor.

The reasons for my dissent from the original opinion of the majority are still applicable to the revised opinion. I now dissent for the additional reason that the record before the court shows that the plaintiff Zucker *only* made a motion for a directed verdict, and the trial court, apparently on the theory that what Zucker would be entitled to the intervenor would share as a joint party plaintiff, directed a verdict for both parties. The result is that it is now held that Zucker was not entitled to the grant of his motion, but that the intervenor is to receive the full benefit of a motion to which she was not a party.

ON MOTION FOR REHEARING.

In the fear that some few lawyers might possibly be misled by some of the positions taken in the motion, we feel that they should be exposed to legal tests here to insure against anyone's being misled thereby in the future.

1. This record shows a verdict of the jury in favor of both plaintiffs and this movant assailed it because it was directed by the court. To uphold a directed verdict, it is necessary to find that the evidence demanded it. If rendered without direction, it *must be upheld* if there is *any* evidence to support it. We have held that the evidence demanded the verdict in favor of plaintiff Robertson. The motion attacks this ruling, not because it was neither authorized nor demanded by the evidence, but because of the heretofore unheard of reason that there was no motion for a directed verdict in favor of this plaintiff. There simply does not exist any law requiring a motion therefor in order for a directed verdict to be valid. We have the verdict, and it stands as a verdict irrespective of whether or not it was moved for, was directed, or was not directed.

2. Ground 2 of the motion complains because our opinion overlooked, failed to apply, overrule, distinguish, or even discuss *Rome Gas-Light Co.* v. *Meyerhardt*, 61 *Ga.* 287, *Calhoun* v. *Osburn*, 186 *Ga.* 569 (198 S. E. 706), and *Joel* v. *Publix-Lucas Theatres, Inc.*, 193 *Ga.* 531 (19 S. E. 2d 730) ; all holding that a purchaser with notice of an equity takes subject to that equity. We did not mention those perfectly sound decisions for the very simple reason that they have no conceivable application to the facts of this case. The factual basis contended for by the movant is that he had trespassed for about a year by driving over this paved driveway to which he had an easement for ingress and egress to other property exclusively. There is never equity but only wrong in trespass. There is no notice of any adverse claim by the mere use, as ruled in division 4 of the opinion. Indeed there is not a scintilla of evidence in this record that shows Cox had any semblance of a right to use the driveway for the purpose complained of in this case.

3. Ground 3 obviously misconstrues the decisions in *Jones* v. *Lanier Development Co.*, 188 *Ga.* 141 (2 S. E. 2d 923), and *Everett* v. *Tabor*, 119 *Ga.* 128 (46 S. E. 72). Those decisions plainly and unmistakably hold that the trial judge on inter-

locutory injunction hearings should balance the conveniences of the parties in such cases. They refer exclusively to interlocutory injunctions where the judge alone has discretion, and a mere reading of the opinions discloses this. The movant ignores the unmistakable fact that those decisions refer solely to interlocutory judgments and the duty of the trial judge; and advances the unusual argument that they require even the Supreme Court, whose jurisdiction is limited by the Constitution (Code, Ann., § 2-3704) to the correction of errors of law only, to balance the conveniences in this final judgment. The movant asserts that our ruling is absurd because we uphold but restrict his use of this driveway to the expressed and unqualified limitation which he had written into his own deed. If there is an absurdity, it is his and not ours. He says it would not hurt this plaintiff if he put it to the further use of going to and from his properties, to which it does not relate. Naturally, the more the defendant uses this driveway the more the plaintiff's use thereof is interfered with. We have not one scintilla of fact here that even indicates knowledge upon the part of Mrs. Robertson of any use of this driveway by Cox at the time she purchased her land. Hence, the decisions in *Holt* v. *Parsons,* 118 *Ga.* 895 (45 S. E. 690), *Wood* v. *Macon & B. R. Co.,* 68 *Ga.* 539, *City of Elberton* v. *Pearle Cotton Mills,* 123 *Ga.* 1 (50 S. E. 977), *Georgia Power Co.* v. *Kelly,* 182 *Ga.* 33 (184 S. E. 861), and *Sandersville R. Co.* v. *Gilmore,* 212 *Ga.* 481 (93 S. E. 2d 696), cited by counsel, have no application in this case.

The further argument on prescription ignores the facts in the case and warrants no discussion by us.

*The motion is denied. All the Justices concur, except Wyatt, P. J., and Almand and Mobley, JJ., who vote to grant the motion.*